PARSONS, administrator, &c. *vs.* HUGHES.

Where the defrauded party, with full knowledge of the fraud, settles the matter in relation to which such fraud has been committed and releases the person who defrauded him, he has no claim to relief, either at law or in equity, on account of such fraud.

If a partnership is defrauded by a third person, with the consent and connivance of one of the copartners, it seems that a settlement and discharge of such copartner, by the other members of the firm, from all claim on account of such fraud, is a bar to any relief against the other party to the fraud.

THIS case came before the court upon a plea of the defendants to the complainant's bill. E. L. Parsons, the decedent, and the defendant John Hughes, in 1832, formed a copartnership in New-York, in the business of importing and vending dry goods, under the name or firm of Parsons & Hughes. Subsequently A. W. Parsons was taken into the firm, as a nominal copartner merely ; after which time the business was carried on in the copartnership name of Parsons, Hughes & Co. The business was continued until March, 1838, when the copartnership was dissolved by written articles, under hand and seal, executed by and between E. L. Parsons of the first part, J. Hughes of the second part and A. W. Parsons of the third part ; upon which dissolution all the stock, property and effects of both firms were transferred to the decedent E. L. Parsons. During the continuance of the copartnership business, Edward Hughes, the other defendant in this cause, who resided in England and who, as appeared from the invoices annexed to the complainant's bill, transacted business in the name of Edward Hughes & Co., acted as the agent of Parsons & Hughes and of Parsons, Hughes & Co., in the purchasing dry goods in England and forwarding such goods to them, for a commission which was paid to him as such agent. And the bill in this cause was filed on account of alleged frauds committed upon E. L. Parsons as one of the copartners in the business of such agency, by false invoices and otherwise, by Edward Hughes, with the consent and connivance of John Hughes. The articles of dissolution which were set forth in the bill contained the following clause : " And the said party of the first part for the consideration aforesaid, for himself and for his executors and administrators doth hereby remise, release, discharge, and forever quit claim, the said party of the second part, his executors or administrators of and from all sums of money and premises now due from the joint trade of Parsons & Hughes, and Parsons, Hughes & Co., and of and from all and all manner of actions, suits, claims, and demands whatsoever both at law and in equity, which he

the said party of the first part can or may now or from henceforth claim, challenge, or demand, against him the said party of the second part, or his executors or administrators, for or by reason or on account of any covenant or agreement or any other act, matter, or thing whatsoever done or committed, or which on his part by virtue of any articles of copartnership, or otherwise, were or was covenanted or agreed to be paid, done, or performed." The articles of dissolution, after providing for the correction of certain specified errors in the settlement if they should be discovered, concluded as follows : " And it is hereby covenanted, declared, and agreed by and between all and every of the parties hereto that this present deed of separation and settlement of accounts is in every respect a full settlement of accounts, between all and every of the parties hereto among themselves, *and that the firm of Edward Hughes & Co., employed by them as agents, are to be embraced hereby ;* except merely in any matters aforesaid which may be considered still open between the said parties of the first and second part." To avoid the effect of this release and agreement, entered into upon the dissolution of the firm, the complainants alleged, in their bill, that the agreement for a dissolution of the copartnership, and the terms thereof, were based upon a fair account and honest dealing between the copartners ; and that having subsequently found out the several frauds stated in the bill, insisted that they were not bound by the articles of dissolution and release from calling the defendants to account in respect to such frauds, &c.

The defendants pleaded in bar of the discovery and relief prayed for in the bill, that before the dissolution of the copartnership and the execution of the agreement as mentioned in the bill, all the alleged frauds were and each of them was well known to the decedent E. L. Parsons ; and that for the purpose of adjusting and fully settling and compromising all the said matters and frauds, the articles of dissolution and the release therein contained were executed.

*Charles Edwards,* for the complainants.

*E. H. Blatchford & G. Wood,* for the defendants.

THE CHANCELLOR. If the allegations in this plea are true, they appear to be a full and perfect bar to all discovery and relief sought by the complainants in this suit. It is true that gross and enormous frauds are charged in the bill as having been committed by the agent, upon the decedent as one of the firm, with the consent and connivance of the copartner who has obtained this release. And the subsequent discovery of such frauds, if they were unknown to E. L. Parsons at the time of the dissolution and settlement, would unquestionably have authorized this court to set aside the settlement and release, and to compel a full account and adjustment of the copartnership accounts and transactions, so as to charge the fraudulent copartner with the loss occasioned thereby ; and if he was irresponsible, to compel the fraudulent agent to indemnify the estate of the decedent for such loss. But where a party with full knowledge that he has been defrauded by another, thinks proper to settle the matter in relation to which the fraud has been committed, and to release the party who has defrauded him, he has no legal or equitable claim to relief against such voluntary act.

It is supposed by the counsel for the complainants, however, that the settlement with and release of the copartner of the complainant who was a party to the fraud cannot protect the other defendant. But the averment in the plea shows that the release and settlement were made and executed for the purpose of fully settling and compromising all the matters and frands referred to in the pleadings in this cause. And as the agreement in terms declares that it is intended to embrace the firm of Edward Hughes & Co. who had been employed as agents, both defendants may avail themselves thereof, although the consideration of the release proceeded from John Hughes only for the benefit of both. Independent of this special provision in the re-

lease, I am inclined to think that a release of the copartner by whose authority and consent the supposed false and fictitious invoices were made, and other frauds upon E. L. Parsons had been committed, necessarily deprived the defrauded copartner of the right to call either to account for such frauds, or to have the accounts opened which had been settled and adjusted between the agent and one of the members of the firm, previous to the dissolution of the firm and the settlement of all the partnership transactions.

The plea must therefore be allowed ; and the complainants' bill must be dismissed with costs, unless they think proper to take issue upon the plea, as provided by the 47th rule of this court. But the dismissal of the bill must be without prejudice to the defence which the complainants may think proper to make to any suit brought or to be brought, by the defendant John Hughes, to open the settlement and adjustment of the copartnership concerns.