HOFFMAN *vs.* DUNLOP and others.

A release executed to one of several joint covenantors in a charter-party, absolute in its terms, and containing no reference to the " act for the relief of partners and joint debtors," passed April 18, 1838, does not fall within the provisions of that act. Such a release is to be construed with reference to the common law. And viewed in that light, it is a discharge of all the joint covenantors.

COVENANT on a charter-party.   At the trial, before Kent, C. Judge, at the New-York circuit in October, 1844, the defendants Drew, Dunlop, Stevens and J. C. Heartt, severally pleaded in bar, *puis darrein continuance,* a general release from the plaintiff to J. C. Heartt and the legal representatives of R. P. Heartt deceased, two of the covenantors.   To these pleas the plaintiff demurred ; and assigned for causes of demurrer that under the act entitled "an act for the relief of partners and joint debtors," passed April 18, 1838, the plaintiff might lawfully release and discharge two of the joint covenantors without releasing or discharging the other covenantors, or impairing his remedy against them.   The defendants joined in demurrer.

*E. Hoffman,* for the plaintiff.   The plaintiff, by releasing the Heartts, did not discharge the other defendants.   It was not his intention to discharge all the defendants.   This is manifest from the release itself, and from the fact that it was executed by the light of the act of April, 1838.   (*Laws of* 1838, *p.* 243.)   That act authorizes the discharge of one of several partners and joint debtors, without releasing the others.   And it was not necessary to refer to the law, because the law forms a part of every contract; and the act of 1838 was as much a part of this contract as if its provisions had actually been written or embodied in the charter-party.   (*Ogden* v. *Saunders,* 12 *Wheat.* 240.   1 *Peters,* 64.   *People* v. *Purdy,* 2 *Hill,* 39.)

The law of 1838 was passed for the express purpose of abrogating the common law doctrine, that the discharge of one joint debtor discharges all.   A release of one joint debtor is no dis-

VOL. I.                    24

Hoffman *v.* Dunlop.

charge of the others; unless it appears that it was the intention to discharge them all. (*Cowen's Tr.* 2d ed. 556. 1 *Bos. & Pul.* 138. 16 *John.* 233, 250.)

The court will allow the plaintiff to enter a *nolle prosequi* as to the defendant J. C. Heartt, and to take a judgment against the other defendants; inasmuch as his plea sets up a matter going to his individual discharge alone. (*Bank of Columbia* v. *Oakley*, 4 *Wheat.* 235.)

*H. B. Cowles*, for the defendants. The release does not come within the act of 1838. That act merely covers cases of compromise or composition. The demurrers, though professing to assign causes, do not set up the essential point, or present any question of law. The question was, whether the plaintiff did not discharge two of the defendants without discharging the others; whereas the demurrer says that he might have released two, without discharging the others. In *The Bank of Poughkeepsie* v. *Ibbotson*, (5 *Hill*, 460,) Bronson, J. said that the act of 1838 seems not to contemplate the giving of a technical release to one of the partners or joint debtors. And he decided that if a creditor executes a technical release to one of several joint debtors, absolute in its terms, and not qualified by a reference to the act, it will operate as a discharge of all.

Here the action was brought upon a joint covenant, and the release contained no reference to the act of 1838. The release pleaded was therefore a bar to the action. (7 *John.* 207. 1 *Hill*, 185. 5 *Id.* 461.) [CADY, J. The pleas do not state that the release discharged the cause of action set forth in the declaration. The release, as set out, professes to discharge all demands, &c. against the persons released. Now the right of action upon the charter-party is not a demand; and the release does not appear to embrace it. The pleader should have applied the release to that cause of action, and not have left it to the court to apply it.] The pleas only attempt to state facts; leaving the court to apply the law to those facts. Had the pleas stated that by the release the cause of action in this suit was discharged, this would have been pleading matter of law.

---
In the matter of Bruni.
---

The covenant sued on was a joint covenant. (*Platt on Cov.* 115, 122, 123.) And if the Heartts were released, then all the covenantors were discharged.

By THE COURT. The release pleaded does not fall within the provisions of the act of 1838. It must be construed with reference to the common law; and viewed in that light, it is a discharge of all the defendants.

Judgment for the defendants on the demurrer; with leave to the plaintiff to reply on payment of costs.

---

SAME TERM. *Before the same Justices.*