(*) MEDCALF *versus* SECCOMB & *als.*

As to facts which a magistrate is required to state in the caption of a deposition, his certificate in the caption is conclusive.

Unless referred to in the caption, neither the original citation nor the officer's return upon it can be received to control the magistrate's certificate.

Neither can the affidavit of the adverse party be used to disprove the magistrate's certificate that such party was notified of the taking of the deposition.

A discontinuance as to one of the joint defendants will not invalidate the prior lawful proceedings, in relation to the remaining defendants.

A deposition, taken before such discontinuance, to be used against all the original defendants, may after the discontinuance be used as evidence against the remaining defendants.

ON EXCEPTIONS from *Nisi Prius*, SHEPLEY, C. J., presiding.

ASSUMPSIT.    The suit was commenced in *January*, 1850, and was brought against Asa P. Hodgkins, Edward R. Seccomb, Isaac Taylor and Stephen R. Griggs.    Hodgkins entered no appearance to the suit ; the other defendants appeared and defended.

The plaintiff, *in October*, 1850, took the deposition of one Hall.    Annexed to the deposition was the return of a deputy sheriff, dated June 5, 1850, certifying that he had served a citation for taking the deposition upon Asa P. Hodgkins. The deposition itself showed that Hodgkins put two interrogatories to the deponent.    The caption contained no reference to the officer's certificate, but stated *that* the adverse party was duly notified to attend and was present ; *that* the deposition was taken at the request of the plaintiff, to be used in

an action of the case now pending in, &c., between Samuel Medcalf and Asa P. Hodgkins and others; — and *that* the cause of the taking was that the deponent was "about to depart and go beyond these limits before the next term of said Court." At the term of the Court in June, 1851, the plaintiff by leave of Court discontinued as to Hodgkins, and used him as a witness on the trial against the other three defendants. He also offered the deposition of Hall, taken as above stated. To the admission of this deposition, the defendants objected. It did not appear, otherwise than by the caption, that either of the three defendants attended or were notified to attend at the taking of the deposition. The defendants offered to file affidavits that neither of the present defendants or their counsel was notified or attended. The Judge refused to receive the affidavits, and admitted the deposition, which was read to the jury. The verdict was for the plaintiff, and the defendants excepted to the ruling and decision of the Judge.

*M. H. Smith*, for the defendants.

The deposition of Hall should not have been admitted.

The rejection of it would not have involved any contradiction of the caption, or of the certificate of the justice therein, that the opposite party was notified and present.

When the deposition was taken Hodgkins was a party defendant. He alone was notified, and it appears by the deposition itself, that Hodgkins appeared at the taking and put two questions. These facts are in accordance with the caption, and the defendants do not wish to contradict them.

The fact that the other defendants were not notified and did not appear, is not inconsistent with the fact that Hodgkins was notified and did appear.

The case finds that after taking the deposition and long before using it, the plaintiff discontinued this suit as to Hodgkins, and that he proceeded against the other defendants, using this same Hodgkins as a witness against them, after having used him as a joint defendant just long enough to

Medcalf v. Seccomb.

enable him to attend to the taking of this deposition, and to enable the plaintiff to take the deposition without any knowledge of the present defendants, depriving them of the benefit of all cross-examination or objection.

To allow a deposition to be used in evidence under such circumstances would be opening a wide door for abuses, and would make the taking of depositions yet more of an art than it now is.

The caption states that the deposition was taken to be used in an action between Samuel Medcalf and *Asa P. Hodgkins & als.* But it was used in no such action.

The caption states no legal cause of taking. R. S. c. 133, § 17 & 4, Art. 3 ; Stat. of 1849, c. 123.

*A. P. Gould*, for the plaintiff.

HOWARD, J. — It has been determined that the certificate of a magistrate, of facts required to be stated in the caption of a deposition taken before him, is conclusive. *Cooper* v. *Bakeman*, 33 Maine, 376. There was, therefore, conclusive evidence of notice to Hodgkins, one of the defendants when the deposition was taken ; and that, by statute, is to be deemed sufficient as to all. R. S. c. 133, § 8. Neither the supposed notification, nor the officer's return upon it, form any part of the caption, (in which no reference is made to either,) or control the certificate of the magistrate. *Norris* v. *Vinal*, 33 Maine, 581, appendix.

No objection appears to have been made, that the caption was deficient in not stating fully the cause of taking the deposition, and the presiding justice did not rule upon that point, nor do the exceptions embrace it. Such an objection is not presented by these exceptions, and cannot be considered.

The discontinuance against Hodgkins cannot be regarded as an abandonment of prior lawful proceedings in the suit, nor are they invalidated by his ceasing to be a party, in a manner provided by law, upon any reasonable construction of the statute. The design of the eleventh section of the R.

S., c. 115, appears to have been to enable a plaintiff to avoid some of the disabilities at common law, in reference to the joinder of parties, and to allow him to amend his writ, by striking out the names of one or more of several defendants, and to maintain his proceedings in the action against the others. Statutes of amendments and *jeofail* are intended for relief against technical difficulties presented in the course of legal proceedings, and in that view should receive judicial construction.                              *Exceptions overruled.*

RICE, APPLETON and CUTTING, J. J., concurred.