Robertson, Ch. J.
The release claimed by the defendant to have been delivered by the plaintiff to the members of the firm of Q-orham, Gray-& Co., who, it is alleged, were joint tort feasors with the defendant, if any tort was committed by him, contains a peculiar reservation of the plaintiff’s rights against third parties. Such'reservation is in the following words: “ It being expressly understood and agreed that I do not hereby release or prejudice any claim, suit or demand which I may have against any other person or persons, or corporation, for any matter -or thing arising "out of, or connected with, or *713 relating to, any shipment or consignment to said Gorham, Gray & Co. of cotton in 1862, in which I had any interest, or relating to any conversion or sale or disposition by them, or any other person, of any cotton in said year, in which I had any interest, or for any other matter or thing whatsoever.”
Whenever covenants not to sue, and releases of debtors, or even a bond of indemnity against debts, (Clark v. Bush, 3 Cowen, 151,) produce the same result in the end, although by a circuity of action, the technical distinction between them has always been disregarded. (Cuyler v. Cuyler, 2 John. 185. Phelps v. Johnson, 8 id. 54. Brown v. Williams, 4 Wend. 360.) Although it has been observed in cases where the debt was from two jointly, (Harrison v. Close, 2 John 448; Rowley v. Stoddard, 7 id. 207; Catskill Bank v. Messenger, 9 Cowen, 37; Chenango Bank v. Osgood, 4 Wend, 607; Couch v. Mills, 21 Wend. 424; Hosack v. Rogers, 8 Paige, 229,) or one of the parties was liable as surety, (Brown v. Williams, 4 Wend. 386,) except that in the latter case a consent by the surety would retain his liability, (Seymour v. Minturn, 17 John. 169,) which one, by a joint debtor, would not do. (Bronson v. Fitzhugh, 1 Hill, 185.)
But the effect of instruments containing words of release in presentí of the releasee, with a provision reserving the responsibility of another, liable either jointly or as surety, has been a subject of judicial consideration at various times, and different views entertained. It is plain that full effect cannot be given to all parts of such an instrument literally. If it is an absolute release, it is a satisfaction of the claim, and necessarily discharges the liability of any other person, either jointly or as surety therefor. If it reserve the liability of that other, it cannot he a release. At first courts were inclined to reject the latter reservation as repugnant to the first, or releasing it. But subsequently, on the principle of attempting to reconcile all parts, so as to carry out the apparent object of the parties, “ ut res magis valeat, &c. they have given effect to the words of present release as being merely executory or a covenant. The sole ground of the effect of a release to one of several *714 joint contractors or wrongdoers, in discharging all is, that it was in presumption of law a satisfaction, (Bronson v. Fitzhugh, ubi supra; Rowley v. Stoddard, 7 John. 207. Catskill Bank v. Messenger, ubi supra; Hoffman v. Dunlop, 1 Barb. 185; Parsons v. Hughes, 9 Paige, 591,) and wherever the release was in such a form, or accompanied by such restrictions, as to repel such presumption, it did not necessarily discharge all.
Where, then, a release in form to a joint debtor or wrongdoer was accompanied by the reservation of the liability of his associate, in the contract or tort, it was as plainly the intention of the releasor, not to abandon his claim against the latter, as it was to relinquish the right of proceeding against the releasee, if he could do so without prejudice to his claim against both. Both purposes could only be accomplished by restricting the right of proceeding against the releasee, to actions directly against him, because that would still leave the right of proceeding against the other party. And this . could only be done by construing the words of present release, as executory, and a covenant against actions, leaving’ the releasee to his right of action for damages thereon, in case he was prejudiced by a subsequent suit against him. Such was substantially the reasoning and decision in the recent case of Price v. Barker, (1 Jurist, N. S. 775,) and in the cases upon the authority of which it was decided, and which overrule all previous cases to the contrary. I am fully satisfied with the authority and reasoning of those cases, and do not consider myself at ’liberty to go behind them, as I have not been able to find any late case holding a different doctrine.
The release in question, having been given after the issue was joined in this action, can only properly be the subject of a supplemental answer, and not of an amendment of that originally put in. In such case, the court is bound to be satisfied that the defense is a good one; Morell v. Garelly, 16 Abb. 269; and I have preferred to place my decision nakedly upon the ground of its insufficiency as matter of law, so as to enable the defendant, at once, to have any error in that respect cor *715 rected on appeal, rather than examine any question of fact addressed to the discretion of the court where my decision might be final.
The motion must therefore be denied, with $10 costs.