## Pliney B. Holdridge v. The Farmers and Mechanics Bank of Rochester.

*Depositions: Evidence: Amended pleadings: Effect of foreign release of one partner.*
Plaintiff sued defendants on certain notes, and took depositions proving a partnership. Subsequently, an amended declaration was filed, omitting the name of defendant Crouch, and alleging that he had been discharged by plaintiff as to his individual liability. At the trial the depositions and the notes were admitted in evidence, under objection. The defendants proved the discharge. *Held*,

1. That the amendment of the declaration after the depositions were taken, leaving out one of the defendant partners, who had paid his portion of the debt and had been discharged, did not alter the substance of the issue as to any fact to which the depositions related.

2. If the release was valid, and had the effect to release Crouch only, then .the notes, after the proof of the release, if not before, were clearly admissible, and in legal effect, were for the balance remaining due upon them.

The objection to their admission was removed by the introduction of the release by the defense.

3. The contracts being made in New York, and by their terms to be executed there, the obligation created by them, as well as the legal effect of the release, are primarily to be determined by the laws of New York.

The release having the effect in New York, of releasing Crouch, leaving the other partners liable for their proportions of the joint indebtedness, must have the same effect here, unless this would interfere with the laws of this state, or with the rights of our citizens. Our own statute being in effect the same as that of New York, the release is valid here.

It is unnecessary that the release should contain a reference to the statute, provided it appears to have been executed under a state of facts bringing it within the statute. Under such circumstances a wrong reference would be mere surplusage.

*Heard and decided October 10th.*

Error to Livingston Circuit.

This was an action on two promissory notes made by Beir, Crouch, Holdridge & Co., to the order of, and indorsed by A. Vickery.

Defendant pleaded the general issue.

Plaintiffs amended their declaration by striking out the name of Crouch, and setting forth that he was a partner with said defendants when the indebtedness was incurred; but that afterwards plaintiff made a separate settlement with him, whereby in consideration of the payment of $599.32

to be made by said Crouch, he discharged him from all individual liability to pay said firm debt.

Previous to the amendment of said declaration, plaintiff took certain depositions tending to prove the original partnership.

On the trial the said depositions, and the notes, were read subject to objection.

The defendants proved the discharge of said Crouch by plaintiff's written release.

Judgment was rendered for plaintiff.

The charges of the Court below are stated in the opinion.

*O. Hawkins,* for plaintiff in error, Holdridge.

1. The depositions taken in the cause before one party was stricken out, were inadmissible on an issue joined after the depositions were taken, as between the parties to the suit then on trial, upon new pleadings.

There is no authority for taking depositions out of the state, except under the statutes — See *Comp. L.* § 4244.

And then only after issue joined between the parties.

It may be said the law of 1859, act No. 181, authorizes the cause to proceed. We say it does not. It only authorizes a suit to be brought either in law or in equity against the remaining joint co-partners, or joint debtors — See *Laws of 1859, p.* 509, § 3.

2. It will not be denied that the discharge of one of a number of joint debtors at the common law, discharges the same as though a collection had been made in full of one joint debtor upon execution — *Byles on Bills, p.* 188–306; 4 *Bd. and El.* 675; 1 *Bos. and Pul.* 630; 2 *Bro. and B.* 38; *Edwards on Bills,* 540; 1 *Parsons on Notes and Bills,* 250; 1 *Hill,* 185.

3. The plaintiff was bound to prove the allegations respecting the discharge of the defendant Crouch.

4. The greatest strictness is required in pleading a statute of this kind, and any variance will be fatal — 5 *Hill,* 461; 1 *Barb.* 185.

The release, as proven by the defendant, shows that it was made in pursuance of chapter 257 of the laws of 1838, and such acts as have been passed amending the same. It certainly does not refer to any law of Michigan or New York having reference to the subject. Matter of the release therefore is unavailable — *Ib.*

*G. V. N. Lothrop,* for defendants in error.

1. The objection to the admission of the depositions cannot be supported.

They are correctly entitled in the suit as it stood when they were taken. And the parties against whom they were used, were all parties when the depositions were taken. They had full privilege of cross - examination, and the issue remained the same as to them.

Even in a subsequent suit, where the subject matter is the same, a *substantial* identity of parties is sufficient to authorize the use of depositions taken in a former suit — 1 *Greenl. Ev.* § 55; 1 *Ad. and El.*; 27 *Penn.* 138.

Neither an amendment of pleadings, which does not change the issue, nor a discontinuance as to a party, is sufficient ground for excluding depositions already taken — 36 *Maine,* 71; 27 *Ala.* 142.

2. The second error assigned is of no force, unless the ground taken in the third assignment of errors can be sustained. It is enough to say that the notes were those of the only persons who, on the facts stated in the pleadings, were then personally bound.

3. Was Crouch one of the firm of Bier, Crouch, Holdridge & Co., discharged by the release of October 10, 1864 ?

The Court below held that he was, and that therefore a recovery could be had on their proportion of the debt against the other partners.

The release purports to have been made in New York, and under the laws thereof — 3 *Rev. Stat. of N. Y. p.* 65.

But our Act of 1859 is to the same effect, and in nearly the same words — *Sess. L.* 1859, *p.* 506.

The contract was made in New York, and was to be performed there. It was therefore subject to the laws of New York — 4 *Mich.* 450 ; 3 *Comst.* 269.

A discharge, good and lawful by the law of the place where the contract was made or to be performed, is to be held of the same validity and effect in the courts of every other state — *Story's Confl. L.* § 331 – 7 ; 4 *Cow.* 508, *note.*

The above proposition of course has this limit, that the law of a foreign place will not receive effect in the courts of the state where the action is brought, when to do so would be against its fundamental laws, or against public policy, or in violation of the just rights of its own citizens — *Story's Confl. L.* § 348 ; 4 *Cow.* 508, *note ;* 6 *Hill,* 529.

But in this case the discharge in question is fully sanctioned by our own law — *L.* 1859 ; *p.* 506. .

This then is a case where the discharge has the same effect by the *lex loci* and by the *lex fori.*

In a word, the old technical rule which made a discharge of one partner a discharge of all, has been repealed in both states.

Wherever the law permits the discharge of one joint debtor, the strict technical rule has no application. This was long ago ruled in the case of a discharge under insolvent laws — 3 *Caines,* 4.

CHRISTIANCY J.

We see no ground for the objection to the admission of the depositions. The amendment of the declaration after the depositions were taken, leaving out one of the defendant partners who had paid his portion of the debt and had been discharged, did not alter the substance of the issue as to any fact to which the depositions related — See *Wright v. Tatham,* 1 *Ad. and El.* 3 ; *Medcalf v. Seccomb,* 36 *Me.* 71 ; *Goldsmith v.*

*Picard*, 27 *Ala.* 142; *Height v. Heseinger*, 27 *Penn.* 138; 1 *Greenl. Ev.* § 35.

The second assignment of error raises the question whether the notes were properly admitted in evidence under the common counts against those parties only who remained defendants in the amended declaration.

Crouch having been shown to have been one of the partners when the notes were made, and his name appearing in the signature of the partnership name, this question will depend upon the effect of the release to Crouch. If that release was valid, and had the effect to release Crouch, leaving the other partners liable to their proportion of the joint debt, then the notes, after this proof had been given (if not before), were clearly admissible, and, in legal effect, they were, for the ·balance remaining due upon them, the notes of the remaining defendants only. If there was any legal objection to their admission at the time they were introduced, that objection was removed by the defense introducing the release, if its effect was as above supposed.

. Did then this release, purporting to discharge Crouch only, operate as a release of one joint debtor at common law to discharge all the parties jointly liable, as claimed by the plaintiff in error, or was its effect restricted by any statute of New York or of this state, or by comity, so as to discharge Crouch only, leaving the other defendants jointly liable for their portion of the debt? This is the only remaining question.

The contracts (the two promissory notes) upon which the release was intended to operate, were made, and, by their terms, to be performed in the state of New York, and the release was executed there. The obligation created by the contracts, as well as the legal effect of the release, are therefore primarily to be determined by the laws of that state. See, as to the contracts, *Story's Confl. of Laws*, § 242 *to* 248, 262· (*a*); *Hyde v. Goodnow*, 3 *Comst.* 269;

*Bissell v. Lewis,* 4 *Mich.* 450: As to the release, *Story's Confl. of Laws,* § 331 *to* 337, and authorities there cited.

It is not denied that under the statute of New York "for the relief of partners and joint debtors," *Chapter* 258, *Laws of* 1838 (2 *Rev. Stat. ed. of* 1852 *p.* 176), it was competent for the plaintiff to have executed a release to Crouch for his portion of the joint debt, without affecting the liability of the other partners for their proportion of the debt. But it is insisted by the plaintiff in error, that in order thus to restrict the effect of the release, it must refer to that statute, to show that it was executed under its provisions; and that the reference in the release to Chapter 157 instead of 158, is erroneous, the former chapter not referring to this subject.

In support of the proposition, that the release must contain a reference to the statute, we are referred to the following cases in New York.—*Bronson v. Fitzhugh,* 1 *Hill,* 185; *Bank of Poughkeepsie v. Ibbotson,* 5 *Hill,* 461; *Hoffman v. Dunlop et al.* 1 *Barb.* 185.

Though the courts in these cases do speak of the necessity of referring to the statute, yet upon a careful examination of the cases, we are satisfied the intention was only to declare that the release should appear to have been executed in such a case or under such a state of facts as would bring it within the class of cases intended to be provided for by the statute; and if this did not otherwise appear, the instrument should, at least, refer to the act, for the purpose of showing that it was executed under its authority.

Their statute (passed in 1838 and amended in 1845) seems to have been the original from which ours is substantially copied (so far as the present question is involved). It does not apply generally to all releases which may be executed to one partner or joint debtor. All its provisions, except those of the last section, apply directly only to the case of partners, and this not generally, but only when the partnership has been dissolved, and where there has been a

separate "composition or compromise with the creditor by
the partner or partners to be discharged." By the last sec-
tion the act is extended to the case of joint debtors; but
by this extension it is confined, as in the case of partners,
to cases where there has been a like separate composition or
compromise by one or more of the joint debtors of his or
their share of the joint liability.

Hence there might be many other cases not coming
within the statute, where a release to one joint debtor would
be left to stand as at common law. The statute, it was
said, did not appear to contemplate a technical release of
one partner or joint debtor; and it would seem to be evi-
dent that the statute did not *require* such technical release,
as it provides only for a "note or memorandum in writing."

Now the releases brought in question in the New York
cases above cited, seem to have been, in form, only the or-
dinary technical releases usually executed at common law
without the recital of any facts bringing the cases to which
they were intended to apply, within the class of cases pro-
vided for by the statute, and without even a reference to
the statute.

There was therefore nothing to show that they were not,
in fact, intended to be given as common law releases, and in
cases to which the statute did not apply. Under these cir-
cumstances the court say that to give the releases the
restrictive effect claimed, there should at least have been a
reference to the statute to show that the parties were acting
under its authority.

This was a public law, general in its operation, of which
the courts were bound to take judicial notice. But they
could not take judicial notice whether facts which did not
appear, would bring the case within the statute. The best
reference which can be made in such an instrument to a
general public law, is to state a case which comes within its
provisions.

HOLDRIDGE *v.* THE F. AND M. BANK OF ROCHESTER.

In the case now before us the release recites a state of facts which bring the case within the provisions of the act, and we can have no doubt, would, by the courts of New York, be held sufficient in this respect.

The reference to the wrong chapter where the law was to be found, being wholly unnecessary, should therefore be treated as mere surplussage, or as having the same effect as if it had been "to the statute in such case made and provided."

The case does not call for an opinion upon the point, whether the release must show *upon its face* that it was executed under circumstances which would bring it within the law, as seems to have been held in New York, or whether these circumstances may be shown *aliunde* when the release is silent upon the point.

The allegation in the declaration that the settlement was made and the release executed under and by virtue of the provisions of act number 181 of the laws of 1859 (manifestly referring to our own statute upon this subject), was also entirely superfluous, and must be treated as surplussage. The release was set up by way of defense under the general issue; and though unnecessarily referred to in the declaration, was not introduced by the plaintiff. The defendants could only take advantage of the non-joinder of Crouch as a co-defendant by a plea in abatement.— 1 *Chitty's Pl.* 52, 53.

This release, then, having the effect in New York to release Crouch, leaving the other partners liable for their proportion of the joint indebtedness, it must have the same effect by comity in this state, unless to give it such effect would violate some fundamental law or the public policy of the state, or injuriously affect the rights of our own citizens.
— *Story's Confl. of Laws,* § 38, 348, 9; *Commonwealth v. Bassford,* 6 *Hill,* 526; *Andrews v. Herriot,* 4 *Cow.* 508 *and note.*

But as our own statute applicable to the facts (had they occurred here), is the same in effect upon this question as that of New York, there is no room for conflict.

16 MICH. — E.

The judgment must be affirmed, with costs to the defendant in error in the court below and in this court.

CAMPBELL and COOLEY JJ. concurred.

