Rapallo, J.
 

 There was some evidence in support of each
 
 *564
 
 of the findings of fact excepted to. The General Term not having seen fit to review them, we cannot do so.
 

 The appellant claims, however, that the settlement of the action brought on the $500 note, and the giving of the $300 note, operated as a compromise of the alleged fraud, and is a bar to this action.
 

 This point would be well taken if it appeared from the pleadings, or the findings of the referee, that, at the time of that settlement, the defendant had knowledge of the facts constituting the fraud alleged in the complaint in this action.
 
 (Adams
 
 v.
 
 Sage,
 
 28 N. Y., 103; Parsons’
 
 Adm.
 
 v. Hughes, 9 Paige, 591.)
 

 But it does not so appear. The findings of fact are to the contrary, and the only allegation in the complaint, upon which the defendant can rely as establishing such knowledge, is the statement that, after giving the $500 note, the plaintiff began to suspect that the defendant had not the right to sell and transfer the agency, and, therefore, declined to pay the installment. It does not appear from the complaint or findings that the plaintiff had any grounds for his suspicion, or any information on the subject, nor what defence was interposed on the trial before the justice in the action on the $500 note.
 

 The case cannot, therefore, be brought within the principle of
 
 Parsons
 
 v.
 
 Hughes
 
 and
 
 Adams
 
 v.
 
 Sage.
 
 The first case holds that when a party has been defrauded, and, with full knowledge of the fraud, settles the matter in relation to which the fraud has been committed, he has no claim to relief at law or in equity on account of such fraud.
 
 Adams
 
 v.
 
 Sage
 
 holds, that when a party has the means at hand of determining the truth or falsehood of representations, and resorts to them, and, after investigation, avows his belief in the falsity of the representations, and acts upon it by bringing an action founded on the fraud, he is not entitled to credit when he states that he was deceived by a reiteration of the same statements, and a finding to that effect is contrary to evidence. A bare suspicion, however, not founded
 
 *565
 
 on facts or upon any investigation, falls far short of producing such results.
 

 The original fraud being established in the findings, and it also appearing that the $300 note was given in compromise of the first note, the
 
 onus
 
 is upon the defendant to show that at the time of the compromise the plaintiff had knowledge of the invalidity of the first note. To reverse the judgment on that ground, the fact, unless admitted in the pleadings, must appear from the findings. On appeal to this court, resort cannot be had to the evidence for the purpose of establishing error in the conclusions of law. Such error must be made to appear from a comparison of the conclusions with the facts found or admitted on the record. But a reference to the evidence, were it proper, does not disclose any legal error in the findings of the referee on this point. The plaintiff testifies that he did not learn the fact that Spencer had no right to dispose of the agency, until after the giving of the $300 note, and the proceedings before the justice do not show that any fraudulent representation of Spencer as to his right to dispose of the agency was set up as a defence before the justice. The only fraudulent representation then specified was as to the value of the right in the agency, not as to its existence, or the defendant’s authority to transfer it. The fraud alleged in this action consists in the false representations of the defendant; that he had the right to transfer the agency.
 

 It is possible that all that the defendant in fact undertook to do was to waive, in favor of the plaintiff, a right which he supposed he had, by virtue of his understanding with the company, to the agency for Saratoga county. But the referee having found adversely to him in that respect, and there being some evidence to sustain the finding, we cannot review his decision upon the facts.
 

 The answer to the ninth cross-interrogatory is subject to criticism, but is not so clearly insufficient as to justify a reversal of the judgment on the ground that the deposition should have been excluded. We cannot assume that the witness intended
 
 *566
 
 to evade the inquiry, and his answer, unless artfully contrived with that design, in substance answers the interrogatory as a person of common understanding would comprehend it. If the defendant desired to elicit further facts in support of his defence, he could only do so by obtaining a re-execution of the commission. The judgment should be affirmed with costs.
 

 All concur except Grover, J., not voting.
 

 Judgment affirmed.