(9 Misc. Rep. 298.)

## PARKER v. DAY.

### (Superior Court of Buffalo, Equity Term.　June, 1894.)

1. CLAIMS AGAINST DECEDENTS' ESTATES — SERVICES OF EXECUTOR'S PARTNER.
   If the partner of a lawyer who is an executor render services for the trust estate, for which the firm is to receive pay, there is no obligation created against the estate to pay therefor.

2. PARTNERSHIP—LIABILITY OF PARTNER TO COPARTNER FOR SERVICES.
   Where one member of a law firm renders services for the estate of which his partner is the executor, at his request, such services are not within the partnership business, and the executor is liable to him for compensation therefor.

Action by Le Roy Parker against David F. Day to recover the value of professional services. Judgment for plaintiff.

Adelbert Moot, for plaintiff.

George S. Wardwell, for defendant.

HATCH, J. During the period covered by the rendition of the services for which this action seeks to recover the value, the parties hereto were copartners engaged in transacting legal business as attorneys under written articles of copartnership. About June, 1887, defendant became the executor of the estate of Adeline C. Hotchkiss. A part of the estate was located in New York, but the bulk of it in the state of Michigan. Shortly after the decease of Mrs. Hotchkiss a claim was set up against the estate, amounting to about $50,000, being nearly its entire value. The claim thus set up was prosecuted with vigor, against which was opposed an equally stubborn resistance, and out of the latter arises the present claim. During the pendency of the claim against the estate, defendant received from Detroit a box which contained the personal papers of the deceased, amounting to several thousand items in all. Upon its reception he delivered the same to plaintiff, with the request that he look the matter up, and attend about preparing a defense to the claim. Plaintiff, in pursuance of this request, examined the papers; looked up and examined witnesses, both in New York and Michigan; attended hearings before commissioners appointed by the probate court in Michigan; instituted an independent proceeding before the probate court for the examination of the claimant; and, the matter having been appealed from the decision of the commissioners, attended and took part in a trial of the issues in the circuit court before a jury, where the claim was defeated; prepared the brief, and submitted the same in the supreme court of Michigan,

to which tribunal it was appealed; and thereafter made a motion for a reargument before the latter court after an adverse decision had been handed down. No question is made but that the service was arduous in character, and valuable in results. The claim which seeks to defeat a recovery is founded upon two contentions: First, that the parties hereto were partners, and, as the basis of the action rests in an implied contract, no legal obligation is created, as the existence of the copartnership excludes liability created in such manner; second, that the service was rendered as a member of the firm, for which the firm became entitled to compensation.

It may be conceded that the law will not imply a promise from one partner to another respecting their common business. Townsend v. Goewey, 19 Wend. 427. But no such rule finds force respecting business independent of the partnership, or where the business may not be performed by the firm, and the firm reap the benefits contemplated by the articles of copartnership. The contract, whether created by express agreement or by operation of law, is to be governed by the lex loci. Dickinson v. Edwards, 77 N. Y. 578; Holdridge v. Bank, 16 Mich. 66. This contract is therefore to be construed having regard to the laws of this state, both as to the contract itself and the status of the parties. Defendant's position as executor excluded him from performing service for the estate, and therefrom reaping a profit beyond the compensation fixed by law; and this without regard to merit, labor, or value. Collier v. Munn, 41 N. Y. 143; Smith v. City of Albany, 61 N. Y. 446. Prior to the adoption of the Revised Statutes, allowing an executor commissions for his services, he was only entitled to per diem compensation. Green v. Winter, 1 Johns. Ch. 36, 37. This rule was based upon the decisions of the English court of chancery, adopted in this country, which is still the rule, except so far as the same has been changed or modified by statute. Regarding the limitations imposed upon executors, there has been no change or modification in dealing with the trust estate beyond the allowance of commissions. The rule thus laid down is enforced most rigidly both in this country and in England, with the result that compensation was denied in England for services rendered by the partner of a solicitor, who was an executor, where the profit therefrom was to be divided by the firm. Broughton v. Broughton, 2 Smale & G. 422; Cradock v. Piper, 1 Macn. & G. 664. A like rule is established in this country. Taylor v. Wright, 93 Ind. 122; Hough v. Harvey, 71 Ill. 72; Perry, Trusts, § 432. These cases all proceed upon the theory that it would be an evasion of the law to permit, by indirection, the realization of profits from the trust estate, where the law, in terms, denies that there shall be any. We must regard it, therefore, as settled that if the partner of a lawyer, being an executor, renders service for which the firm is to receive pay, and in which the executor is to share, no obligation is created against the trust estate for the service. The rule is not different under the statutes of Michigan. Wisner v. Mabley's Estate, 70 Mich. 283, 38 N. W. 262. It is true that the Michigan statute has somewhat enlarged the compensation which may be awarded to executors for extraordinary service, but it has not changed the law regarding

the right of an executor to make profit out of the trust estate. Wisner v. Mabley's Estate, 70 Mich. 285, 38 N. W. 262. It thus appearing that neither defendant, nor the firm of which he was a member, could act as attorney for the trust estate, and receive compensation therefor, it is quite clear that such business was not intended to be, and was not, within the articles of copartnership, as they related to such matters as it was competent for each or both to engage in, from which a profit might be received for the mutual benefit of both. When, therefore, this case arose, although of like character for the performance of which the firm was constituted, where one of the partners was under a disability created by the law of the land, and from which, if performed, no compensation could be lawfully received, it is manifest that a case was presented not within the articles of copartnership, or within the contemplation of the parties when they were executed. Thus, as to this particular case, the parties did not bear the relation of partners to each other, and could contract with respect thereto as freely and fully, and upon the same terms, as could persons who stood in no relation of trust and agency to each other. This being their status, a valid contract could be entered into, and liability created, under any of the forms known to the law. The request in the present case having proceeded from the disabled partner, and the work having been performed, the law will imply an obligation to pay its fair value. Howard v. France, 43 N. Y. 593; Tucker v. Staunton, 20 Wkly. Dig. 43; Smith v. Railroad Co., 102 N. Y. 190, 6 N. E. 397. The action is well brought against the defendant personally. Austin v. Munro, 47 N. Y. 366.

It may be assumed that the evidence establishes that the business was carried on in the name of the firm as fully as though it were partnership business; that the payments which were made were divided in the proportion which the articles of copartnership called for. And the defendant's claim is that the business was partnership business, the compensation for which was to be divided as provided in the articles. The plaintiff does not deny what the evidence establishes. His claim is that the business was so carried on in the name of the firm for convenience; that the division of the moneys received by him was with his knowledge and consent, but that finally he expected such further payment would be made to him by the defendant as would compensate him for the work performed. The case presents features which permit of a determination in favor of either claim. If the conclusion is reached that the firm did this business as firm business, intending so to do it, then we are presented with the condition that valuable and devoted service, resulting in the practical salvation of a large estate, must go unrewarded, except through an allowance provided for by the Michigan statute, which does not embrace—at least, completely—the service here rendered. It would also follow that the payments already made must be accounted for as a part of the estate for distribution. With respect to the estate, and the service rendered it, both parties have unequivocally characterized their attitude towards it. Such attitude is one in every respect consistent with the most perfect good faith

to the estate, and seems to settle the rights of the parties respecting each other. We therefore adopt those acts as conclusive, and are thereby relieved of much that is in hopeless contradiction.

While the claim against the estate was proceeding before the various tribunals, culminating in the supreme court of Michigan, payments amounting in all to $1,200 were made by defendant to plaintiff, for which defendant took plaintiff's receipt; and, while plaintiff did not receive the whole of this money, yet the full amount was charged against the estate as having been paid to him, and he is chargeable therewith. The account, as made up for presentation to the probate court, contains the receipt of plaintiff for the whole sum, and the account itself makes claim for allowance to the executor for the expense thus incurred. It is evident from this fact that the parties have both characterized the relation in which plaintiff stood to the business as individual, and not as partner; and while, as we have seen, many of the transactions would indicate firm employment, and be conclusive of it, if disability of one did not exist, yet here the parties themselves have determined its character, the one by receipting and the other by charging the trust estate with its payment. Such facts comply in all respects with the law, for, if the transaction were one where the firm was employed, no compensation could be paid, and the executor would be relegated to such allowance as should be awarded under the Michigan statute for extraordinary compensation, while the payment to plaintiff, if made for the firm account, would become an unlawful charge against the estate, which would require its being refunded. The service rendered in protecting the estate from the claim being meritorious, it would be most unjust to deprive the party rendering the same of compensation, or to leave it to the uncertain allowance under the Michigan statute, which it is evident, both from its terms and from the decisions under it, was not intended to provide a method of compensation for attorneys' services. This leaves the parties in this condition: Plaintiff is entitled to fair compensation for his services, which defendant is entitled to charge against the estate. The latter is entitled to commissions, and would seem to be, in view of his services, entitled to extraordinary compensation, which, we doubt not, will be awarded him by the proper authority. Judgment is therefore ordered for plaintiff, in accordance with the direction given the clerk. Judgment ordered for plaintiff.