## FISCHER et al. v. BURNS et al.

(Supreme Court, Special Term, New York County.   July, 1894.)

1. NECESSARY PARTIES—INTEREST IN SUBJECT-MATTER.
    One who acts as trustee for a party to a stipulation in paying money pursuant thereto has no interest in the matter, and is not a necessary party in an action to set aside the stipulation and recover the money so paid.
2. SAME—ACTION TO SET ASIDE STIPULATION.
    In an action by indorsers to set aside for fraud a stipulation with the holder, whereby they agreed to pay the note, and to recover payments made under the stipulation, the makers and the original payee are not necessary parties.
3. VOLUNTARY PAYMENT—FRAUD.
    Payments on a note, made by the indorsers thereof, are not voluntary where they were induced by the fraudulent representations of the holder that he was an innocent purchaser before maturity, and without notice.
4. SAME—ATTORNEYS' COSTS.
    Attorneys to whom costs are paid by the opposite party pursuant to a stipulation procured by the fraud of their client will not be allowed to retain the money so paid.

Action by Ferdinand A. Fischer and George, Frank, and Louis Mertz against Isaac H. Burns and others to set aside a contract and recover money paid thereunder.   Defendant Burns moved for judgment.   Denied, and issues of fact ordered tried by jury.

Charles W. Dayton, for plaintiffs.

Benno Lewinson and Bostwick, Morrell & Bates, for defendants.

PARKER, J.   The action is to set aside a contract, which is claimed to have been induced by the fraudulent representations of the defendant Burns, and to recover back moneys paid thereunder. The only question before me is whether the plaintiffs can recover on the case as they have set it forth in their complaint.   If I conclude that they can, the issues of fact raised by the answer are, by the mutual stipulations of parties in open court, to be sent to a jury for trial.

It is averred in the complaint substantially as follows:   Fischer, Schroter, and Pause were copartners.   In August, 1892, it was agreed between them that Pause should retire from the firm, and transfer all his interest therein to the others, in consideration of a certain amount of cash and a note, with approved indorser, delivered to him, and that the others should continue the business under the old firm name of Fischer, Schroter & Co.   On August 16, 1892, they, Fischer and Schroter, under such firm name, made a note for $1,500, payable to the order of Pause, due in four months, procured it to be indorsed by the plaintiffs George, Frank, and Louis Mertz, and delivered it to Pause, under the agreement that he would, on August 29, 1892, consummate the agreement by a writing dissolving the firm, and transferring all his interest therein to Fischer and Schroter.   Pause kept the note, but, instead of executing the writing, and transferring all his interest to the others, he and Schroter, on the 29th, commenced an action whereby the firm was dissolved, and all its property passed into the hands of a receiver.   Criticism is

made by the defendants as to the meaning of the averments on this subject, but I think there can be no doubt but that the above facts are substantially set forth in the complaint. Manifestly, if such averments are true, neither Pause nor any one except a bona fide holder for value could recover against the makers or indorsers upon such note. The condition upon which it was delivered to Pause was never performed, and its consideration utterly failed.

It is further averred in such complaint that upon the maturity of such note Isaac H. Burns, who is the defendant in this action, commenced an action in this court against the makers and indorsers of such note (including therein Pause as the immediate indorser to himself) for the collection of such note. Pause and Schroter made default in that action, but the other defendants, who are the plaintiffs in this action, answered, setting up substantially the defense above stated, and averring, on information and belief, that Burns was not a bona fide holder of the note for value, but took it subject to such defense. The complaint then goes on to aver that after such issue joined the defendant Burns represented to these plaintiffs that he had purchased the note before maturity from Pause for a valuable consideration, and without knowledge of the circumstances under which it was made and delivered. That he was, in fact, a bona fide purchaser and holder for value before maturity, and that they, believing and relying upon such representations, were thereby induced to withdraw their defense, and to enter into a written stipulation in such action, which is fully set forth in this complaint. The stipulation is dated April 5, 1893, and is to the effect that $500 of principal and some interest and $52 costs had been that day paid by Joseph F. Stier, trustee, to Burns and his attorney, and that Fischer and the Mertzes (the plaintiffs in this action) agreed with Burns that the answer in such action should be deemed withdrawn, and that the action should be discontinued, without costs to either party, upon the payment to Burns or his attorney of $500 and interest on May 5, 1893, and $500 and interest on the 5th of June, 1893, upon which last payment the note should be surrendered to Fischer and the Mertzes; and that, upon default being made in either payment, judgment might be entered in the action, without further notice, against Fischer and the Mertzes. The complaint further avers that these plaintiffs paid such sum of $500, interest, and costs that were paid April 5, 1893, and also paid the further sum of $500 and interest that became due under the stipulation May 5, 1893. It would appear from the stipulation and receipt indorsed thereon that the payments were made by Joseph F. Stier, and the point is made by defendants' attorney that he is, therefore, a necessary party to this action. Just why a trustee is necessary in such a settlement is not very apparent, but it is clear (assuming the averment that plaintiff paid the money to be true) that he had no personal interest in the transaction, but acted solely for the plaintiffs. They alone had defended that action, and this stipulation was necessary and effectual only as against them. Their rights alone are affected by it, and therefore I can see no reason why Stier should be made a party in an action to set it aside.

The complaint further avers that the above representations made by Burns were utterly false and fraudulent, and that they were made in pursuance of a collusive arrangement between him and Pause, by which he should falsely assume the character of a bona fide holder for value, and thus be able to prevail against the defense which, in fact, they knew to exist against such note; that, in truth, he paid nothing for the note, but held it merely to the use of Pause; and that plaintiffs have only recently learned of the falsity of such representations. It also avers that Burns is utterly insolvent. On these facts the plaintiffs ask that the money paid under it be restored to them, and that all parties be restored to the same position in which they were before such settlement was made. A motion in the action on such note was made by Fischer and the Mertzes, after they discovered such fraud, for relief against such stipulations, but that motion was denied, without prejudice to this action. References have been made to those affidavits in the complaint in this action. I have not considered such affidavits as a part of this complaint, nor do I consider any of the facts therein stated as being now before me, except so far as they are particularly restated in this complaint. Manifestly, such a reference to those affidavits is not a proper pleading of the facts therein contained. The defendant Burns contends that the plaintiffs are not entitled to recover, upon the facts set forth in such complaint, for the following reasons:

First. That the necessary parties are not before the court. The contract, or stipulation, sought to be set aside was between the plaintiffs and Burns only. Neither Schroter nor Pause had any interest in it, nor acquired any rights by it that they could enforce against the plaintiffs. Though Schroter was a member of the firm that made the note, I fail to see how he could be heard to deny Fischer's claim for this relief, as against Burns. He has no claim to insist that Fischer's money should pay the firm debt, and nothing in the complaint indicates that he had any interest in the money that was used by Fischer. Therefore he does not seem to be a necessary party to settle the question whether it was procured from Fischer by the fraud of Burns. As to Pause, he never was a member of the firm that issued the note, and has no claim whatever to insist that the settlement must stand. Under the averments, the money must be deemed to have been paid by these plaintiffs, and the settlement is evidently with them, and hence no other parties are necessary to a complete determination of the questions presented.

Second. That the payments made, as averred in the complaint, must be deemed voluntary payments, and the settlement a voluntary one. But the basis of the action is fraud, and, if the plaintiffs were fraudulently induced to make the stipulation and payments, they cannot be deemed to be voluntary. And the argument that plaintiffs were not, in fact, induced to make such settlement by the fraudulent statements; that they did not believe them; that they knew they were false, but settled because they could not prove them so,— cannot be considered by me in the face of the positive averment in the complaint that they believed the statements of Burns, relied upon them, and were thereby induced to make the stipulations

they now seek to avoid.    The cases cited by defendants' counsel, to the effect that payments made in settlement of a disputed claim cannot be recovered back, are all lacking in the element of fraud, and none of them are authority when the facts show a positive and fraudulent statement of a material fact which is believed, and which is the inducement for the settlement.    I cannot agree with the defendants' counsel that it appears from the complaint that plaintiffs knew, at the time they made the settlement, or even believed, that Burns was not a bona fide holder.    They suspected he was not, but his positive statements overcame their suspicion, and induced them to settle.    Such is the fair meaning of the statements set forth in the complaint.    Baker v. Spencer, 47 N. Y. 562.

Third. The defendant claims that the complaint does not show that the note in question ever had a valid inception, or that the consideration thereof had failed, and that hence no case for equitable relief is made.    It seems very clear to me that the note, if given under the circumstances averred in the complaint, could not be collected by Pause, or any one except a "bona fide holder for value;" and therefore Burns, unless he was such a holder as he claimed to be, has obtained by the settlement money and rights to which he was not entitled.    The fact that he is insolvent is sufficient to give a court of equity cognizance of the matter, and I conclude that the facts set forth in the complaint warrant the relief asked, as against the defendant Burns.

As to the defendants Coleman and Donohue no charge is made that they were at all privy to the fraud of Burns, but it is charged that $52 of the amount which plaintiffs so paid, because of the fraud of Burns, was paid direct to them as and for their costs in that action, and the relief asked as against them is that they refund that amount to the plaintiffs.    If the $52 had been paid to Burns, and he had subsequently used it to pay his attorneys, there would not, I think, be any ground for seeking to reach that amount in the attorneys' hands; but, inasmuch as the money was paid directly to the attorneys by the plaintiffs, and the inducement to make such payment was the fraud of Burns, I do not think that the attorneys can retain the money so procured from the plaintiffs.    They cannot, any more than Burns, retain money which was delivered to them by the plaintiffs, solely by reason of a fraud perpetrated upon the plaintiffs, even though the fraud was perpetrated by another party.

I conclude that the complaint states facts sufficient to constitute a cause of action against all the defendants, and that there is no defect of parties.    An order must be entered denying the motion for judgment on the complaint, and sending the issues of fact to a jury for trial.    The parties may incorporate in the order entered herein a settlement of the issues so to be tried, or, if they cannot agree, either party must be at liberty to move the court for a settlement of such issues in the usual way.