HOLDEN-LEONARD CO., INC., Appellant, *v.* NEVA-WET CORPORATION OF AMERICA, INC., Respondent.

First Department, April 14, 1938.

*Arthur H. Haaren* of counsel [*Frank W. Demuth* with him on the brief; *Haaren & Barrett*, attorneys], for the appellant.

*Murray C. Spett* of counsel [*Ralph H. Wiener* with him on the brief; *Weisman, Celler, Quinn, Allan & Spett*, attorneys], for the respondent.

PER CURIAM. We think that the trial court erred in holding that the right of plaintiff or of S. & I. Lefkowitz, Inc., to the use of the trade name " Neva-Wet " has never been challenged and that plaintiff obtained from the latter the right to the use upon woolens and textiles of the name "Neva-Wet." (Cf. *Neva-Wet Corp.* v. *Never Wet Processing Corp.*, 277 N. Y. 163.) The complaint here, among other averments, alleged that S. & I. Lefkowitz, Inc., fraudulently represented that it owned and controlled the trade name " Neva-Wet " registered in the United States Patent Office, Serial No. 61774, available for use in connection with plaintiff's product, and that in reliance upon said representation plaintiff entered into the contract, all to its damage. If plaintiff can establish that it did not receive or that it never could have received from S. & I. Lefkowitz, Inc., the exclusive right to use, during the contractual period, the registered name " Neva-Wet " in connection with its woolens and worsteds because S. & I. Lefkowitz, Inc., did not own

such name or because the name was not subject to exclusive appropriation, plaintiff would not be bound by the original contract of June 9, 1933. If such fraud known to S. & I. Lefkowitz, Inc., was not disclosed at the time of the settlement agreement of September 18, 1933, plaintiff is not now barred from recovering the money paid for the release from the original contract (*Baker* v. *Spencer*, 47 N. Y. 562.) As defendant received the proceeds of the alleged fraud from S. & I. Lefkowitz, Inc., with full knowledge thereof and without consideration, defendant is liable to plaintiff for its return, upon proof of the fraud, in an action for money had and received.

The judgment should be reversed and a new trial ordered, with costs to appellant to abide the event.

Present — MARTIN, P. J., UNTERMYER, DORE, COHN and CALLAHAN, JJ.

Judgment unanimously reversed and a new trial ordered, with costs to the appellant to abide the event. Settle order on notice.