## NORAH RYAN v. HENRY FRALICK.

*Seduction—Declaration—Statutory action.*

50 483
83 55
50 483
91 613
50 483'
144 537
50 483
153 218
153 227

Where an action for the seduction of a daughter who is of full age is brought in the name of the mother, and the declaration alleges that she is authorized to bring it, but makes no claim for the loss of services, it must be regarded as the statutory action for the injury to the daughter, and the mother cannot recover under the declaration.

Case made after judgment from Kent. (Montgomery, J.) April 24.—April 27.

CASE. Defendant had judgment. Affirmed.

*Loomis A. Miller* and *McBride & Carroll* for plaintiff. The statutory action for seduction is only a cumulative or alternative remedy : *Hancock v. Wilhoite* 1 Duv. 314 ; *Watson v. Watson* 49 Mich. 540.

*Champlin & More* for defendant. Damages for seduction in an action brought by another than the victim under her authority would be for her use : *Sheahan v. Barry* 27 Mich. 220 ; but if the nominal plaintiff claims for loss of services the pleading is defective and uncertain : Gould Pl. ch. 3, sec. 60 ; Tidd's Pr. 431 ; distinct causes of action cannot be joined unless they accrue to plaintiff in the same right : Dicey on Parties 236 ; or there is practically a misjoinder : Gould Pl. ch. 4, sec. 94.

COOLEY, J. This action is brought for the alleged seduction by the defendant of the plaintiff's daughter. The declaration is given in the margin.* The case coming on

---

*Kent County, ss. :* Norah Ryan, of said county, plaintiff herein, by

for trial, counsel for the plaintiff in his opening to the jury stated that the suit was brought for the recovery of such damages as she had suffered by the seduction of the daughter, and proceeded to call a witness. Counsel for the defendant thereupon objected to the introduction of any evidence on this view of the case, and insisted that the declaration was framed for the recovery under the statute of the damages suffered by the daughter herself. The court took this view of the declaration, and after giving

---

Loomis A. Miller, her attorney, being fully authorized so to do by her daughter Mary A. Ryan, comes into this court and complains of Henry Fralick, defendant herein, being in custody, etc., of a plea of *trespass on the case*.

For that whereas the said defendant, contriving and unjustly intending to injure the said plaintiff, heretofore, to-wit, on the 25th day of July, A. D. 1875, and on divers other days and times thereafter, and prior to the first day of November, A. D. 1875, at, to-wit, the city of Grand Rapids, in said county, seduced, debauched, and carnally knew Mary A. Ryan, daughter of the plaintiff, who was then of full age, to-wit, of the age of 22 years, and whose father was then dead; by means of which said premises said plaintiff has suffered great wrong and injury, to her damage $50,000.

And for that whereas, also, before and at the time of the committing of the said grievance herein next mentioned, at, to-wit, the city of Grand Rapids, in the county of Kent aforesaid, the plaintiff, being then, as now, a widow and an invalid, without means of supporting herself, had a daughter, Mary A. Ryan, whose father was then dead, and who resided with the plaintiff and greatly assisted her in supporting and maintaining herself and family, yet the said defendant, well knowing the premises, but contriving and unlawfully intending to injure the plaintiff, on, to-wit, the 25th day of July, A. D. 1875, and at divers other times before the first day of November, A. D. 1875, at, to-wit, the city of Grand Rapids, in said county, falsely and wrongfully represented to the said Mary A. Ryan, who was then of the age of 22 years and unmarried, and fully competent to marry, that he was then a widower and unmarried, and in consideration of the promise of said Mary A. to marry him on request, he, the said defendant, promised to marry the said Mary A. Ryan within a reasonable time thereafter.

That the said Mary A., so confiding in the said promises of the defendant so made to her, and often and many times repeated, and also confiding in his earnest professions of love and affection, and his oft-repeated assurances that he would faithfully keep and fulfill his said promises, and at his urgent solicitation and request, by reason of his said promises to marry her, and fully relying on the same, did at length yield to his solicitations and desires, and permit the said defendant to have illicit sexual intercourse with her, and he, the said defendant, did then, by reason of his said promises, pledges, and profession so made as aforesaid, have illicit sexual intercourse with the said Mary A. Ryan, and did seduce and debauch her, and the said illicit intercourse was, during the next ensuing three months, many times repeated, and each time under a renewed promise of marriage. By reason of which said premises the said plaintiff has been greatly injured, to her damage fifty thousand dollars, and therefore she brings suit.

leave to the plaintiff to amend—which was not accepted—directed a verdict for defendant. The only question now is whether the declaration is properly framed for the recovery by the mother on her own behalf.

The statute provides that " it shall not be necessary in any action on the case for seduction, hereafter to be brought, to allege in the declaration, or to prove on the trial, any loss of service in consequence of such seduction ; but if the female seduced be a minor at the time of the seduction, the action may be brought by her father, mother, or guardian ; and if such female be of full age, the action may be brought by her father or any other relative who shall be authorized by her to bring the same." Comp. L. § 6195.

By the next section it is made unnecessary to allege or prove that the person seduced was the servant of the plaintiff, and § 6197 provides that " the two last sections shall not be so construed as to prevent any person entitled to the services of the person seduced, from maintaining an action for the loss of service or other damage sustained by him in consequence of the seduction."

It is apparent that the pleader had the statute in view in framing this declaration, for the recital of authorization by the daughter would be idle on any other supposition. But it is contended on the plaintiff's behalf that that recital may be treated as surplusage, and the declaration is then good at the common law as a declaration by the mother upon her own injury. *Hancock v. Wilhoite* 1 Duv. 313. It will be observed, however, upon an examination of the declaration, that the grievance which was the supposed basis of the common-law action, namely, the loss of service, is nowhere alleged in it. The daughter was of full age, residing with the invalid mother, and giving her assistance ; but the relation of master and servant is not averred, nor is any loss of service, or even of what presumptively in the case of an adult child was voluntary assistance, alleged or suggested. Taking this fact in connection with the recital of the daughter's consent to the action, which is without meaning unless the action is statutory, we are not left in doubt that the

action is brought under the statute for the daughter's injury. The defendant had a right to so understand it ; and even if it were possible to support the declaration as at common law if there were no such statutory action, it would not be allowable to do so when the declaration so unmistakably suggests the statutory action, and no other.

The judgment must be affirmed with costs.

The other Justices concurred.