CALPURNIA FLETCHER v. GEORGE K. FORLER ET AL.

*Liquor traffic—Civil damage act—Pleading—Declaration—Amendment.*

1. In a suit by a wife to recover damages alleged to have been sustained by reason of the sale of liquor to her husband when intoxicated, it is not necessary to allege that the saloon-keeper *knew* that he was intoxicated, that fact being presumed from the very nature of the case.

2. A declaration alleged the delivery and furnishing of intoxicating liquors to plaintiff's husband between certain dates, he being a person in the habit of getting intoxicated, so that he became wasteful and careless of his means, and deprived

plaintiff of her proper support, and finally, on a specified day, by reason of such liquors furnished, in whole or in part, by the defendant, was fatally wounded, whereof he died; and that plaintiff, by means of such furnishing of liquors to her said husband, became greatly injured in her person, and also in her means of support. On the trial an objection was made to the admission of any testimony, on the ground that the declaration did not set forth a cause of action, which was sustained, and a verdict directed for the defendants, before the rendition of which the court refused an application by the plaintiff to amend. And it is held that the declaration contained all of the elements of statutory liability, and that the only objection, in substance, that could be raised to it is the failure to allege the defendant's knowledge that the husband was in the habit of getting intoxicated, so as to make the sale clearly unlawful; and that, when *such a* question is raised for the *first* time on the trial, an amendment should be allowed; citing *Ryan v. Fralick*, 50 Mich. 483, as laying down the correct practice.[1]

Error to Berrien. (O'Hara, J.) Argued October 28 and 29, 1890. Decided October 31, 1890.

Case. Plaintiff brings error. Reversed. The facts are stated in the opinion.

*Clapp & Bridgman,* for appellant.

*M. L. Howell* and *O. W. Coolidge,* for defendants.

GRANT, J. This is a statutory action brought by plaintiff, under the liquor law of 1887, Act No. 313, for the recovery of damages alleged to have been suffered by her in consequence of the intoxication of her husband, alleged to have been produced by the sale to him of intoxicating liquors by the defendant William S. Forler, a saloon-keeper.

The declaration contained five counts. It is only necessary for the disposal of the case to mention the fourth count, which alleges that the defendant William S. Forler, contrary to the provisions of the above act, did,

[1] See *Fuller v. Jackson,* 82 Mich. 480.

from May 2, 1887, to October 17, 1887, deliver and furnish to her husband, who was then, and during all that time had been, a person addicted to drinking, and in the habit of getting intoxicated, and of wasting his means in excess and drink, spirituous, malt, brewed, fermented, and vinous liquors, so that he became wasteful and careless of his means, and deprived plaintiff of her proper support; and that, on October 17, 1887, by reason of such liquors to him furnished, in whole or in part, by said defendant, her said husband became fatally wounded, whereof he languished and died; and that the plaintiff, by means of such furnishing and delivering of said liquors to her said husband, became greatly injured in her person, and also in her means of support.

The defendants George K. Forler and John L. Reddick were the sureties for defendant William S. Forler, who was not served with process, and did not appear in the case. The defendants George K. Forler and John L. Reddick pleaded the general issue. The case came on for trial, a jury was impaneled, plaintiff's counsel made his opening statement to the jury, and a witness was sworn. Thereupon the attorneys for the defendants objected to the introduction of any evidence, for the following reasons:

1. There was a misjoinder of counts.
2. There was a misjoinder of causes of action.
3. No count in the declaration sets forth any cause of action.
4. Under the counsel's opening, the matters stated by him could not be shown under the declaration.

Thereupon the circuit judge instructed the jury to render a verdict for the defendants, saying to them:

" The mere sale of intoxicating liquor to a person who is intoxicated, or the mere sale of liquor to a person in the habit of getting intoxicated, is not of itself a sufficient cause of action. The pleadings must allege that the

sale was either unlawful, or that the person who sold it knew that such person was intoxicated, or knew that he was a person who was in the habit of getting intoxicated. The declaration in this case fails to allege either of those, and is therefore insufficient."

Before the verdict was rendered, plaintiff's counsel asked leave to amend the declaration, which request the court refused, and verdict and judgment were rendered for defendants.

The judge was clearly in error upon one point in his instructions. In this statutory action, counting upon a sal to an intoxicated person, it is not necessary to allege that the saloon-keeper knew he was intoxicated. That will be presumed from the very nature of the case. The fourth count was sufficient to sustain a verdict and judgment rendered thereon under the opening made by plaintiff's counsel. While it is perhaps subject to criticism, as being inartificially drawn, yet it contains all the elements of liability provided for in the statute. The only objection, in substance, that can be raised to it is the failure to allege that the defendant William S. Forler had knowledge that plaintiff's husband was in the habit of getting intoxicated, so as to make the sale clearly unlawful, within the contention of defendants' counsel, and the ruling of the court.

The plaintiff having asked leave to amend, the court should have allowed the amendment. A special demurrer would have raised the question, and secured its early determination. When such questions are raised for the first time upon the trial, the furtherance of justice requires that trial courts shall allow amendments. The course pursued by the trial court in *Ryan v. Fralick,* 50 Mich. 483 (15 N. W. Rep. 561), is the proper practice in *nisi prius* courts.

No other question was raised upon the record by the

final action of the circuit judge in disposing of the case, and we therefore decline to pass upon the other questions discussed in defendants' brief.

Judgment must be reversed, with costs of both courts, and a new trial ordered.

The other Justices concurred.