## James L. Johnston v. Robert H. Disbrow.

*Criminal conversation—Impeaching questions—dates—Husband's right of action—Exemplary damages—Costs.*

Impeaching questions as to a conversation with a particular person at a place named cannot be put unless the time and substance of the alleged conversation are also pointed out.

Defendant in an action for criminal conversation introduced testimony to show that plaintiff's wife was subject to fits of stupor and insensibility and was afflicted with hysteria, and showed by experts that persons so troubled were subject to hallucinations and unreliable. *Held* proper for the plaintiff to show by the evidence of relations and their neighbors that they were well acquainted with his wife and frequently at his house and never saw or heard of her having "unconscious spells."

Where an action is brought for criminal conversation and only one act is charged, the plaintiff is not confined to a specific date, but may show that it was committed at any time within the period of the statute of limitations; and this, too, whether the defendant does or does not rely on an *alibi*.

Exemplary damages for injury to the plaintiff's feelings are recoverable in an action brought by a husband for criminal conversation with

his wife; and they need not be susceptible of proof at a money standard, but may be fixed by the jury in view of all the facts.

The right of a husband to recover exemplary damages for injury to his feelings because of an act of criminal conversation committed by defendant with his wife, grows out of the marital relation and is independent of the wife's right to recover damages on the same ground in an action brought by herself for the same wrong.

No more costs than damages, if the damages do not exceed $50, are recoverable in an action brought by a husband for an assault upon his wife whereby defendant compelled her to an act of criminal conversation. Comp. L., § 7388.

Error to Eaton. Submitted Oct. 7. Decided Oct. 12.

Case. Defendant brings error. Affirmed.

*H. F. Pennington* for plaintiff in error. A husband's right to sue for injuries to his wife exists only where he has been deprived of her society or services; he cannot recover for injured feelings: *Hyatt v. Adams* 16 Mich. 180; Cooley on Torts 88-9, 226-7; *Whitney v. Hitchcock* 4 Den. 461; *Hogan v. Cregan* 6 Rob. 138; *Cowden v. Wright* 24 Wend. 429; *Blake v. Midland R. Co.* 18 Q. B. 93; *Kan. Pacific Ry. v. Cutler* 19 Kan. 83; *Penn. R. R. v. Zebe* 33 Penn. St. 318; *Donahoe v. Richards* 38 Me. 376; *Flemington v. Smithers* 2 C. & P. 292; *March v. Walker* 48 Tex. 374.

*D. P. Sagendorph* and *E. A. Foote* for defendant in error.

Marston, C. J. Disbrow charged the defendant below, Johnston, with having, to-wit, upon the 5th day of October, 1878, at a place named, unlawfully, forcibly and violently assaulted the wife of said plaintiff, and compelling her by force to have unlawful sexual carnal intercourse with him the defendant, to the injury, etc., whereby plaintiff was damaged in his reputation and suffered in injured feelings and of being deprived of the society and assistance of his said wife, etc., to his damage.

The court properly excluded the testimony offered to

impeach the witness Mrs. Disbrow, as the proper preliminary questions had not been asked her when on the stand as a foundation therefor.   It is not enough that the witness sought to be impeached should be challenged as to a conversation with a particular person at a place named.   The time of the alleged conversation and substance thereof must also be pointed out.   This is elementary.

On the trial the defendant introduced testimony tending to show that plaintiff's wife was afflicted with hysteria, and professional experts were called and testified that persons so afflicted were not reliable ; that they were subject to hallucinations.   Evidence was also given tending to show that plaintiff's wife was subject to fits of stupor and insensibility. In rebuttal relatives and near neighbors of Mrs. Disbrow were called, and gave evidence tending to prove that they were well acquainted with Mrs. Disbrow and frequently at her house, and never saw or heard of her having "unconscious spells" as claimed, by defendant's witnesses.   This is alleged as error.   We are of opinion that this evidence was competent for the purpose for which it was offered.   The testimony introduced by the defendant made this necessary, and if Mrs. Disbrow was not subject to such hallucinations, being a negative, could only be proven by calling those who were well acquainted with her and had means of learning whether she were so afflicted.   If subject to such a disease it must have been known, and if those who had opportunities to have ascertained such facts by observation or otherwise had not, this might be shown and considered by the jury.

The plaintiff was not confined to the exact time alleged in the declaration.   It is not claimed that he attempted to prove but one offence, and under such circumstances, both in civil and criminal cases, the offence charged may be shown to have been committed upon any day within the period of the statute of limitations, and the fact that the defendant may rely upon proving an *alibi* in his defence does not change the rule.   The material question in the case relates to the measure of damages.   It was urged upon the argument,

that there was neither proof nor pretence that the plaintiff was put to any expense or loss of his wife's labor or services, or that he lost one moment of her aid, assistance, labor, society or comfort by the defendant's act; that the only other damages claimed to have been sustained in the declaration, was to his reputation, and that he suffered greatly in injured feelings, and that no evidence was given to support either.

While it may be true as argued that the reputation of the plaintiff should not suffer because of such a wrong committed by force and against the will of his wife, yet that the matter would become a subject of unpleasant comment and injure his feelings cannot well be questioned, and the right to recover damages therefor is well settled in this State (*Scripps v. Reilly* 38 Mich. 23), and no evidence as to the amount thereof in dollars and cents need be proven on the trial. The jury, in view of all the facts, are qualified to fix the amount thereof. The fact that the wife of the plaintiff also has a cause of action for the same injury and would be entitled to recover damages on account of injured feelings, is no answer to the right of this plaintiff to recover. His right to maintain the action grows out of his marital relations with the person upon whom the wrong was committed. And this right is not possessed by others, so that the fears expressed that all the relatives and neighbors of Mrs. Disbrow might maintain separate actions and recover damages on account of injured feelings is not to be seriously feared. We discover no error in the rulings or charge upon this subject.

We are of opinion that the costs which the plaintiff was entitled to recover in this case are fixed by Comp. L., § 7388, and that the costs as taxed therefore are correct.

There being no error in the record the judgment must be affirmed with costs.

The other Justices concurred.