## ELIZABETH E. WATSON v. DANIEL M. WATSON.

*Seduction—Name of plaintiff—Right of action.*

In a declaration on the case for damages for seduction there is no duplicity in charging in separate counts that defendant had debauched plaintiff and assaulted and got her with child by force and arms, and that he had enticed her away to make her his mistress or concubine; the latter charge explains how plaintiff came within defendant's power and does not allege a separate cause of action but merely matter of aggravation.

A girl who had been practically, though not formally, adopted into a family, in pursuance of an understanding that she should be in all things as a daughter, was *held* to have a right to use the name as her own in bringing suit against the head of the family. Whether the question of her right to do so could be raised by demurrer—Q.

An action for damages for seduction may be brought, in Michigan, by the girl seduced.

Comp. L. §§ 6195-7 permit an action for the seduction of a minor female to be brought by her father, mother or guardian; if the woman seduced is of age she can authorize her father or any other relation to bring it, in which case the authority must be alleged and proven. In these cases the action is for her own use and benefit and there need be no proof of loss of service, nor of any suffering or injury except to the victim.

Where the law empowers a person who has a claim or cause of action, to authorize another to begin and prosecute suit thereon, it will be for the use and benefit of the person really entitled; the claim or cause of action is not assigned to the plaintiff.

It is the policy of legislation in Michigan to permit the real party in interest to sue in his own name and testify in his own behalf.

Assignees in Michigan need not sue in the names of their assignors even in cases where the right of action for a tort is assignable. Nor is it necessary to bring an action in the name of one person for the use and benefit of another.

Case made from Kent.   Submitted Oct. 19.   Decided Jan. 5.

CASE.   Plaintiff brings error.   Reversed.

*Godwin & Earle* for appellant.   A party's name is merely the designation by which he is usually known : *King v. Billingshurst* 3 M. & S. 250 ; *Williams v. Bryant* 5 M. & W. 449 ; any name by which he is known is his true name : *Johnsbury v. Goodenough* 44 Vt. 662 ; Mrs. Brown eloped with Clark, became known as Mrs. Clark, and was held to have a right to bring suit by the name of Clark : *Clark v. Clark*, 19 Kan. 522 ; one may assume any name he pleases, and change it *ad libitum*, or assume a name and be estopped from denying it : *Rich v. Boyce* 39 Md. 314 ; *Bank v. Jaggers* 31 Md. 38 ; if one enters into a particular transaction by a particular name, that is his real name for that transaction ; the law looks only to his identity : *Bell v. Sun* 42 N. Y. Sup. Ct. 570 ; one may change his name without aid of Legislature or court : *Linton v. Bank* 10 Fed. Rep. 895.

*Holmes & Hine* for appellee.   A woman cannot maintain trespass on the case for mere seduction : *Woodward v. Anderson* 9 Bush 627 ; *Paul v. Frazier* 3 Mass. 73 ; *Hamilton v. Lomax* 26 Barb. 615 ; *Jordan v. Hovey* 72 Mo. 574 ; Dicey on Parties 349 ; 2 Hilliard on Torts (4th ed.) 512 ; Newman's Practice 426 ; 3 Bl. Com. (Christian's ed.) ch. 8 n. 14 *a* ; *Conn v. Wilson* 2 Tenn. 234 ; *Roper v. Clay* 18 Mo. 383 ; *Buckles v. Ellers* 72 Ind. 220.

MARSTON, J.   The plaintiff brought an action of trespass on the case to recover damages for her alleged seduction by the defendant while she was living in his house as his adopted daughter, although not in fact formally adopted.

There was a demurrer interposed to the declaration, and

the objections pointed out thereby were—*first*, duplicity ; *second*, the action was not brought in plaintiff's real name ; and *third*, that plaintiff, being an unmarried woman, could not bring and maintain this action in her own name. The demurrer was sustained and judgment rendered for the defendant.

*First.* The duplicity alleged is, that defendant is charged with debauching the plaintiff, and also with an assault and getting her with child by force and arms; and that the first and fourth counts charge defendant with enticing away the plaintiff to make her his mistress or concubine.

The plaintiff had the right to set forth in the declaration the circumstances under which she was induced to become a resident in the house and family of the defendant. In doing this she might allege that the defendant purposed and intended to bring her within his power that he might debauch her and keep her for the purposes of concubinage and make her his mistress. This was not alleged as a separate or substantive cause of action, but as matter of aggravation of the offense charged. It may be that no such recitals were necessary in order to enable the plaintiff to introduce evidence of such facts and circumstances, but the mere fact that the plaintiff did allege the same by way of inducement would not subject the declaration to the objection urged.

The further objection urged that each count in the declaration states a cause of action in case and also in trespass, is not, we think, true in point of fact. It is true that there are some words made use of that seem to give color to the position taken, but we think no such effect can fairly be given them, when used in the connection in which they are.

*Second.* That the action was not brought in the plaintiff's real name. Even if this objection could be raised by demurrer, still there is no merit in it. The declaration alleges that after the plaintiff entered the home and family of the defendant, and in pursuance of the understanding that she should be in all things as his daughter, her name

was changed to Elizabeth E. Watson, by which name she was thereafter always called and known. There can be no question under such circumstances as to her right to bring this action in the name she did.

The third objection raises what both parties concede to be and treat as the material and important one in the case. At common law the plaintiff could not have maintained the present action to recover damages for her seduction. The action could only be maintained by the parent or master, and the foundation thereof was that the plaintiff was deprived of the child's or servant's services and could recover damages by reason thereof—and this relation of servant, in theory at least, was indispensable to the maintenance of this action. The value of the services was not important; if the parent sued, he could recover substantial damages based upon the injury to his parental feelings and the shame and mortification which would necessarily follow from such a wrong or in any case for all that the plaintiff could feel from the nature of the injury. There were also cases where no action could be maintained because the relation referred to did not exist.

This condition of the law was justly considered a reproach, and because thereof, we have a statute providing that in actions for seduction no allegation of loss of service is necessary to be set forth in the declaration: that if the female seduced be a minor at the time of the seduction the action may be brought by her father or mother or guardian, and if of full age, by her father or any other relative, authorized by her to bring the same.

It was also provided that it would not be necessary in any such action to prove that the person seduced was the servant of the plaintiff, and that nothing in these provisions contained should be construed to prevent any person entitled to the services of the person seduced from maintaining an action for the loss of service or other damage sustained by him in consequence of the seduction. 2 Comp. L., §§ 6195, 6196 and 6197.

By this legislation, what by the common law was essential

to be alleged and proven, has become unnecessary and of but little if any importance. It is no longer necessary to allege or prove that the person seduced was the servant of the plaintiff, or to allege or prove any loss of service in consequence of the seduction. Not only this, but if the female seduced be a minor the action may be brought by the father, mother or guardian; and if of full age, by her father or any other relative, who shall be authorized by her to bring the same. Then in order that no doubt may arise these provisions are not to be construed so as to prevent any person entitled to the services of the person seduced from maintaining an action for the loss of service or other damage sustained in consequence of such seduction. These several provisions point unmistakably and clearly to the conclusion that the design and intention was to give the person seduced the right to recover damages for the injury she had sustained and thus do away with the unjust rule that prevailed at common law. The female if of full age may authorize her father or any other relative to bring the action, and in such a case their authority must be alleged and proven, and although on the trial it should clearly and conclusively appear that there was no loss of service, and if a distant relative were plaintiff there could be no injury to parental feelings, and but little shame or mortification, yet the action would be maintained and the right to recover substantial damages be clear. In a case so brought there would be no damages for loss of service, but for the suffering, the shame, the mortification and the expense, which not the nominal plaintiff, but the person seduced had suffered, that would form the basis of the recovery. If the parent or any other person had a claim for damages for loss of service, they might maintain an action therefor notwithstanding the recovery by the person seduced in the name of her relative. This under § 6197.

It has been well argued by counsel in the brief submitted, that unless the person seduced may, under this legislation, bring the action in her own name, cases may arise where no action can be brought or maintained. If the person is of

full age, and her father is not living, and her relatives are dead, or beyond reach, or refuse to bring the action, she would have no remedy. The action which she authorizes to be brought under this legislation must be for her use and benefit, as it could not have been the intention of the Legislature to give a distant relative, whose only right to maintain an action would be the authority conferred by the person seduced, substantial damages where no real injury was sustained. Where the law empowers a person to confer upon another authority to commence and maintain an action for an injury which the latter has not sustained, such action will be for the use and benefit of the person really injured, as the one entitled thereto. The cause of action in such a case, or the claim which the injured person may have, is not assigned to the person who brings the action; the statute does not require this; it only requires that authority be conferred upon the person to bring the action and in no other respect is the relation of the parties changed.

The question however at once arises, if such is the construction to be given this legislation, why did not the Legislature in clear and unmistakable terms give the person seduced, if of full age, the right to bring the action in her own name?

The answer to this may we think be found in the condition of the law at that date. As the law stood at the time this statute was passed and up to 1861 the plaintiff in an action was not ordinarily a competent witness, and it may well have been supposed that to have given her the right to bring the action in her own name would have defeated the very object in view. But whatever the reason may have been, the policy of legislation in this State has been to permit the real party to bring an action in his or her own name and testify in his or her own behalf. It is no longer necessary for assignees to sue in the name of the assignor, or to bring an action in the name of one person for the use and benefit of another, even in cases of tort where the action is assignable.

49 Mich.—35

As we have already said, the intention was by this legislation to give the person seduced the right to recover damages for the injuries which she has sustained, and to enable her to do so the statute gave her the privilege of authorizing a certain class of persons to bring the action. This authority she could give or withhold, and in view of the object in view and of the more recent legislation in this State, we are of opinion that she may bring the action in her own name and need not resort to any unnecessary and unmeaning circumlocution in so doing. This view but carries out the evident design of remedial legislation and can work no injury to the defendant.

The judgment must be reversed with costs, and the cause proceed to trial upon the merits.

The other Justices concurred.