## Henry Dalman v. Remmelt Koning.

*Seduction—Evidence—Cross-examination—Impeachment—Damages.*

1. Error cannot lie in an action for the seduction of a minor upon the allowance of a question to the child's mother as to her knowledge of the time when her daughter went to see a physician, especially if the answer was immaterial and not prejudicial.

2. Defendant having made an affidavit for a continuance on the ground that his son was a material witness and was absent, was asked on his own cross-examination whether his son was sworn upon the trial of a certain other suit involving the same facts and at which the son was present. *Held,* that this was legitimate cross-examination; and if answered without objection a subsequent motion to strike out the testimony was properly denied.

3. Witnesses cannot be impeached by contradiction on matters not pertinent to the issue; so *held,* of the contradiction of a victim of seduction upon matters not touching her chastity.

4. A physician may properly testify, with his patient's consent, to the date of a visit made him by the patient and the subject of the consultation, details not being given and the date being only material to fix the time of other events.

5. Damages in an action for seduction may be as heavy where the act was with force as where it was without it.

6. In an action for seduction the victim's reputation for chastity is a question for the jury.

Error to Allegan. (Arnold, J.) June 17.—June 25.

CASE. Defendant brings error. Affirmed.

*Padgham & Padgham* for appellant.

*N. A. Earle* and *P. A. Latta* for appellee. The use of force is no defense to an action for seduction: *Kennedy v. Shea* 110 Mass. 147; *Russell v. Chambers* 31 Minn. 54; 3 Suth. Damages 742; *Furman v. Applegate* 3 Zab. 28; *Leucker v. Steilew* 89 Ill. 545.

CAMPBELL, J. Plaintiff, as father of Johannah Dalman, a minor, sued defendant for debauching his daughter. She testified to a case involving force but not to such an extent as to make out rape. Defendant denied any intercourse whatever, so that the matter rested on her testimony, as contradicted by his, with the usual amount of circumstantial evidence. Plaintiff recovered a verdict.

Several assignments of error relate to admission or exclusion of testimony. A question put to Mrs. Dalman as to her knowledge of the time when her daughter went to see a physician, brought out no facts whatever of any account. The question was not objectionable, and the answer was entirely immaterial, and in no way prejudicial.

Defendant had made an affidavit for continuance in which he set out that his son, who was absent, was a very material witness on the principal issue, and stated what he could prove by him. Plaintiff's counsel admitted that if present he would swear as stated, and the case was brought on for hearing. While defendant was on the stand as a witness, reference being had to the trial of a libel suit in which the same

facts were in issue as in this cause, he was asked on cross-examination whether his son was present at that trial, and he said he was. He was then asked whether the son was sworn as a witness, and he said he was not. No objection was made to answering these questions, but subsequently a motion was made to strike out the testimony, and it was denied. We think this was legitimate cross-examination, and it was not improper to consider it with reference to defendant's producing a witness whom, although known, he had failed to use before. It did not go beyond legitimate latitude in cross-examination, and having been given without demur, it was proper to retain it.

Johannah had been asked on cross-examination whether at a time named she and some other persons named did not go out near the railroad, and answered in the negative. One of them was asked a question concerning the same fact, to contradict her. The plaintiff objected unless they proposed to show improper conduct, and offered to allow any testimony of improprieties to be received which they chose to put in, but objected to immaterial testimony. This objection was properly sustained as a witness cannot be impeached by contradiction on matters not pertinent to the issue.

The same rule applies to rejected offers to contradict her concerning the reason of her leaving Mr. Bixby's where she had been employed. Bixby's testimony negatived any unchaste conduct on her part, and any other reason was not material.

We can see no reason why, with Johannah's consent it was not competent for her physician to give the date of a visit she made him and the subject of the consultation. He gave no details, and the date was only material to fix the time of certain other events. Beyond this the testimony proved nothing whatever.

The other exceptions refer to rulings before the jury. We do not think there is any legal foundation for the claim that the defendant could be held to any less responsibility for forcible wrong than for seduction without force. The outrage is quite as great, and the mischief quite as offensive. As

this question has been passed upon in this Court, we need not discuss it further. See *Johnston v. Disbrow* 47 Mich. 59. We think the court charged fully and clearly on the effect which unchastity of the woman should have in determining plaintiff's right to damages. We do not think the court could have lawfully charged the jury to find that her reputation for chastity was bad. The jury were properly instructed to consider that matter, and they must have come to a different conclusion.

Several assignments relate to the charge concerning damages. It followed very closely the rules laid down in our own decisions concerning such damages as rest chiefly in the good sense and discretion of a jury for those injuries to the sensibilities which are incapable of being reduced to an exact standard. We can see no good to be gained from over-nice definitions and distinctions as to what such damages should be called. So long as the court gives cautions adequate to prevent juries from going astray into extravagant findings, there is usually no practical difficulty. In this case the charge was careful and discriminating and we can find nothing in it which goes beyond what has been heretofore approved. The damages [$1200] are not extravagant, and the rulings were proper.

The judgment must be affirmed.

The other Justices concurred.