VELTHOUSE *v.* ALDERINK.

SEDUCTION—CIVIL ACTION—DECLARATION—VARIANCE—RAPE.

In an action for seduction brought under section 10418, 3 Comp. Laws, by the injured female, by her next friend, the declaration and proofs making a case of rape, a judgment for plaintiff is affirmed; Mr. Justice MONTGOMERY, with whom concur the Chief Justice and Mr. Justice BLAIR, writing for affirmance on the ground that though the reference to the statute cannot be treated as surplusage, the action may be maintained notwithstanding the intercourse was had by force and against the will of the plaintiff; and Mr. Justice CARPENTER, with whom concurs Mr. Justice MCALVAY, writing for affirmance on the ground that, though plaintiff had no right to bring suit for rape under the statute, the reference to the statute may be treated as surplusage, and the declaration sustained as a common-law declaration for assault.

Error to Ottawa; Padgham, J. Submitted April 15, 1908. (Docket No. 76.) Decided June 27, 1908.

Case by Fanny Velthouse, by next friend, against Henry Alderink for seduction. There was judgment for plaintiff, and defendant brings error. Affirmed.

*Walter I. Lillie,* for appellant.

*Farr & Farr,* for appellee.

MONTGOMERY, J. The plaintiff, in an action in which she counted on section 10418, 3 Comp. Laws, recovered a judgment of $1,350 against the defendant, and the case has been brought here for review on error. But a single question was raised. The point was made at the close of the testimony of the plaintiff and again in the request to charge, and, in the language of the bill of exceptions, is stated as follows:

"The defendant, by his attorney, requested the court to instruct the jury in substance that the action was one

on the case for seduction, and brought under section 10418 of the Compiled Laws of 1897; that to constitute seduction there must be a consent to the sexual intercourse by the woman; that the declaration alleged the intercourse to have been without the consent of the plaintiff and against her will; that the proof failed to show that plaintiff consented to the intercourse, but, on the contrary, that she refused to yield to the claimed persuasions and entreaties of the defendant, and that the sexual intercourse between her and the defendant, if any was had, was effected without her consent and against her will; and that therefore the plaintiff could not recover in this case and the verdict of the jury should be no cause of action."

It will be noted that no other question relating to the pleadings in the case is raised than that an action for seduction cannot be predicated upon intercourse brought about by force and against the will of the plaintiff. We shall deal only with the precise question raised. Other questions that might present themselves upon the record are not discussed.

At the argument, it was suggested to counsel that in any event the declaration averred facts sufficient to make a case, and that any irregularity in the appointment of a next friend would be obviated by a plea of the general issue. This would undoubtedly be true in any ordinary action, and it has been so held in the two cases of *Sick* v. *Michigan Aid Ass'n*, 49 Mich. 50, and *McDonald* v. *Weir*, 76 Mich. 243.

The present case, however, presents a somewhat different question. The declaration counts on the statute, section 10418, 3 Comp. Laws, and this would seem to fix the character of the action, and *Ryan* v. *Fralick*, 50 Mich. 483, seems inconsistent with the suggestion that this reference to the statute may be treated as surplusage.

This brings us to a consideration of the question whether, in an action for seduction brought on behalf of the seduced party, where the other elements are present—and it is not claimed in this case that they are not present—the action may be maintained notwithstanding the intercourse was had by force and against the will of the plaintiff.

The question has been before this court in a number of cases where the action was brought by the father, and where the action was predicated upon the statute for seduction. The court has held in these cases that the fact that force is employed is no bar to recovery. See *Dalman* v. *Koning*, 54 Mich. 320; *Johnston* v. *Disbrow*, 47 Mich. 59; *Watson* v. *Watson*, 53 Mich. 168; *Stoudt* v. *Shepherd*, 73 Mich. 588. A summary of the preceding cases is found in *Stoudt* v. *Shepherd*, at page 597, as follows:

"The case of *Dalman* v. *Koning*, 54 Mich. 320 (in this respect following *Johnston* v. *Disbrow*) held that, as the unlawful intercourse was the ground of action, the use of force did not negative the legal idea of seduction, and a recovery could be had for all the wrong and its consequences. It had already been held in *Watson* v. *Watson*, 49 Mich. 540, that two counts, one involving an assault and the other enticement, were not inconsistent with the same statutory theory, and did not make a double charge."

It would seem from this that the gravamen of the charge is debauching the plaintiff, and that it is not open to the defendant to assert that the means by which this was accomplished was force rather than the usual arts and persuasions of the seducer. So in *Watson* v. *Watson*, 53 Mich. 168, in referring to this subject, it is said:

"The plaintiff's evidence did not make out a rape; it made out only that her will was overcome by the defendant's superior will, which had controlling influence because of the parental relation which he had assumed towards her. If the case were in fact one of rape, there would be very good authority for holding that the action might be sustained notwithstanding the fact that the intercourse was accomplished by force." Citing *Kennedy* v. *Shea*, 110 Mass. 147, and *Lavery* v. *Crooke*, 52 Wis. 612.

The only case to which our attention has been directed in which the precise point has been considered is the case of *Marshall* v. *Taylor*, 98 Cal. 55, in which the evidence, from one viewpoint, indicated that the plaintiff lost con-

sciousness from the effect of wine at the time the act was committed, and it was said:

"If this be so, the defendant was guilty of rape, and while it is held in those States where seduction is a criminal offense that proof of a rape will defeat a prosecution for seduction," citing authorities, "yet no case is found in the books where a party has failed to recover in damages for seduction when the evidence at the trial disclosed the defendant guilty of the more heinous offense of rape. Such a showing but aggravates the injury, and furnishes ample ground for exemplary damages. * * * It does not lie in the mouth of the defendant to say: 'I am not liable to pay any damages in this action, because the evidence discloses I did not seduce the plaintiff, but committed the atrocious crime of rape.' * * *

"Where a parent sues for seduction of his daughter, and consequent loss of service, and it appears that the intercourse was accomplished by force, such a showing will not defeat the action, but will aggravate the injury. (*Furman* v. *Applegate*, 23 N. J. Law, 28; *Kennedy* v. *Shea*, 110 Mass. 147; *White* v. *Murtland*, 71 Ill. 250). While the recovery of the parent is based upon a different principle from that involved where the female is the complainant, yet we see no bad effect to follow an application of the same rule in her case. Certainly a court will not be astute in drawing fine distinctions from the evidence in order to discover a case of rape, if such fact would defeat a recovery. For the foregoing reasons we conclude that, if plaintiff was unconscious from the effects of the wine at the time defendant had intercourse with her, her cause of action was not defeated by reason of such fact."

As was stated in *Stoudt* v. *Shepherd*, 73 Mich. 588, our statutes have removed from such actions all the rubbish that disfigured them, from attempting to keep up an idea that their idea was to collect damages for loss of service, when in fact that was never more than a legal fiction. We are satisfied with the reasoning of the supreme court of California and are disposed to follow it.

The judgment will be affirmed.

GRANT, C. J., and BLAIR, J., concurred.

CARPENTER, J. Plaintiff's declaration is as follows:

" Lida Velthouse, mother of Fanny Velthouse, a minor of the age of twenty years, plaintiff in this suit, for and in behalf of her said minor daughter, Fanny Velthouse, the father of the said Fanny being dead, by Farr and Son, her attorneys, comes into this court in and for the said Fanny Velthouse, and as her mother in and by virtue of the provisions of section 10418 of the Compiled Laws of this State of 1897, and complains of Henry Alderink, defendant herein, of a plea of trespass on the case:

" For that whereas, the said defendant, contriving, and wrongfully, wickedly and unjustly intending to injure the said Fanny Velthouse, and to deprive her of the comfort, fellowship, society and respect of her friends and relatives and of the community in which she lived, and to bring her into great discredit, dishonor and disgrace, and to ruin her good name and fame in the community where she resided, heretofore, to wit, on the sixth day of October, 1906, at the township of Allendale, in said county, violently and without the consent of the said Fanny Velthouse, seized her and threw her upon the ground, and then and there debauched and carnally knew her, the said Fanny Velthouse, and against her will, whereby the said Fanny Velthouse became pregnant and sick with child, and so remained and continued for a long space of time, to wit, for the space of nine months then next following, at the expiration whereof, on, to wit, the 20th day of June, 1907, was delivered of the child with which she was so pregnant, as aforesaid, to wit, at the township of Allendale, at the time aforesaid, by means of which said several premises the aforesaid Fanny Velthouse suffered great and extreme pain, and experienced great suffering, and was greatly humiliated and disgraced, and was deprived of the comfort, fellowship, society and respect of all her friends and relatives, and of the community in which she lived, and was ruined and brought into great infamy and reproach, and has been greatly injured and damnified by the premises, to the damage of the said Fanny Velthouse of ten thousand dollars, and therefore this suit is brought in her behalf as aforesaid."

To this defendant pleaded the general issue, entitling his plea, " Fanny Velthouse v. Henry Alderink." The issue was tried by a jury and the testimony of the plaintiff introduced without objection. She testified in accordance with the averments of the declaration that the inter-

course was brought about by force and without her consent. At the conclusion of the case defendant requested the court to direct a verdict in his favor upon the ground :

"That the action was one on the case for seduction and brought under section 10418 of the Compiled Laws of 1897; that to constitute seduction there must be a consent to the sexual intercourse by the woman; that the declaration alleged the intercourse to have been without the consent of the plaintiff and against her will; that the proof failed to show that plaintiff consented to the intercourse, but on the contrary  *  *  *  that the sexual intercourse between her and the defendant  *  *  *  was effected without her consent and against her will."

The court refused to give this request and submitted the issue to the jury who rendered a verdict in plaintiff's favor. The refusal to give the foregoing request is the only ground relied upon for reversal of the judgment.

Can this suit be maintained under section 10418, 3 Comp. Laws ? This suit is not the suit of Lida Velthouse, the mother. It is the suit of Fanny herself to recover her damages, and Fanny is the real plaintiff, and it is so understood by defendant's counsel. In his brief it is stated, "it is just the same as if the plaintiff [Fanny] had brought the action herself."

Section 10418, 3 Comp. Laws, provides :

" It shall not be necessary in any action on the case for seduction hereafter to be brought, to allege in the declaration, or to prove on the trial, any loss of service in consequence of such seduction; but if the female seduced be a minor at the time of the seduction, the action may be brought by her father, mother, or guardian; and if such female be of full age, the action may be brought by her father, or any other relative who shall be authorized by her to bring the same."

Before this statute was passed the seduced woman had no right of action. But now she has. This statute gives her a right of action which she may enforce in her own name. *Watson* v. *Watson*, 49 Mich. 540. But does it give her a right of action if the intercourse is entirely ac-

complished by force and against her will? If the intercourse is accomplished in part by force and in part by seductive arts, the case is one of seduction and within the statute. *Watson* v. *Watson*, 53 Mich. 168. But that is not this case. If the case of the plaintiff, as averred in the declaration and established by the testimony, is one of seduction, it would be a most equitable doctrine—though its legality may be open to question—to say that the defendant should not be permitted to avoid responsibility by proving that he committed the more heinous offense of rape. But that is not this case. Here the case made by plaintiff's declaration and by her testimony is one of rape. I cannot assent to the proposition that rape is seduction, or that the statute intended to cover the case of rape. There was no need for a statute in such a case, because the principles of the common law afforded ample remedy. And it may also be added that to cover the contingency of the testimony proving a case of rape the pleader may have two counts; one charging rape, one seduction. *Watson* v. *Watson*, 49 Mich. 540. See, also, *Bellant* v. *Brown*, 78 Mich. 294. We are referred to many cases holding that the action may be maintained, though the intercourse relied upon was accomplished by force and violence. *Kennedy* v. *Shea*, 110 Mass. 147; *Lavery* v. *Crooke*, 52 Wis. 612; *Damon* v. *Moore*, 5 Lans. (N. Y.) 454. Each of these cases was brought by a father to recover compensation for damages resulting from his child being debauched. In those cases, as stated in *Kennedy* v. *Shea*, supra, "the gist of the action is the debauching of the daughter and the consequent supposed or actual loss of her services." In other words, in those cases, it was not necessary to prove seduction. It is otherwise however in this case where the seduced female herself brings the suit. In such cases, as we have held in *Greenman* v. *O'Riley*, 144 Mich. 534, a case of actual seduction must be established, and by that is meant,

"The act of persuading or inducing a woman of previous chaste character to depart from the path of virtue

by the use of any species of arts, persuasions, or wiles, which are calculated to have, and do have, that effect, and resulting in her ultimately submitting her person to the sexual embraces of the person accused."

*Marshall* v. *Taylor*, 98 Cal. 55, is more nearly in point. There the seduced female herself brought the action. The testimony showed that the illicit intercourse took place immediately after the plaintiff had drunk a glass of wine handed her by defendant. Her testimony was open to two constructions; one that the intercourse occurred while she was unconscious from the effect of the wine; and the other that she was conscious and was induced to yield her consent by reason of defendant's seductive promises. Plaintiff recovered a verdict and judgment in the trial court. Defendant asked the trial court to reverse that judgment upon the ground that plaintiff's evidence did not establish a case of seduction. The supreme court decided otherwise, saying, "assuming her to have been conscious at the time the act of intercourse took place, and assented thereto," she was seduced. And it was also held that defendant could not escape responsibility because the evidence disclosed him guilty of the more heinous crime of rape. In that case, assuming plaintiff to have been unconscious at the time the illicit intercourse occurred, she had, under a declaration alleging seduction, recovered damages for a rape. Inasmuch as she had a right to recover such damages on common-law principles, the only possible valid objection that could have been made was one of variance, viz., that she had been permitted to recover on a cause of action different from that stated in her declaration. No such objection was made, and that point was not considered by the supreme court. The objection was that plaintiff could not recover, not because of variance, but because there was no proof of seduction. It was a complete answer to that contention to say, as the court did say, that though the testimony established a case of rape, it would not defeat recovery. In that case plaintiff recovers, not because she proved

seduction—the cause of action averred in her declaration
—but because she proved another and a very different
cause of action, viz., rape. And the court was quite cor-
rect, under a record which disclosed no objection upon the
ground of variance, in saying that this was no defense.
In other words, *Marshall* v. *Taylor* does not decide that
rape is seduction. Nor that rape can be proved under a
declaration averring seduction. It merely holds that on
that record—a record disclosing no objection on the
ground of variance—it was of no avail for defendant to
say that the testimony proved rape instead of seduction.
Had such an objection been made, a different question
would have been presented, and we are not informed how
that question would have been determined. I am there-
fore of the opinion that *Marshall* v. *Taylor* is not an
authority for the proposition that the plaintiff in this case
had a right to bring suit for rape under section 10418, 3
Comp. Laws, and, as already stated, I think she had no
such right.

It does not follow, however, that plaintiff should be de-
feated in this action. Upon common-law principles she
had a right to maintain an action and recover damages
for the assault committed upon her. The declaration in
this case states every essential element to entitle her to
recover under common-law principles. It is true that it
states something more, viz., it says that she brings this
action by virtue of the provisions of section 10418, 3 Comp.
Laws. If I am right in my reasoning, she could not
bring it by virtue of that section. Defendant contends
and has always contended that she could not bring it by
virtue of that section. In my view of the case and in his
view of the case this reference to the statute was a sur-
plusage. Why should it defeat recovery ? It was an
averment of a proposition of law which was unsound. It
did not deceive the defendant. It had no effect upon the
trial; it was a mere surplusage and should be disregarded.

In 21 Enc. Pl. & Prac. p. 293, it is said:

"Averments of legal conclusions and inferences which do not correctly state the law applicable to the facts, but are repugnant to it, are not material, and will neither vitiate a good pleading nor cure one that is defective."

In support of this statement a number of cases are cited, one of which, *Parnaby* v. *Lancaster Canal Co.*, 11 Ad. & El. 223, is very similar to the case at bar.

"This [as stated in the opinion of the lower court] was an action on the case for negligence in leaving a sunken barge in the defendant's canal which the plaintiff's vessel ran against and was thereby sunk."

In the declaration it was averred that the duty of defendant to remove the sunken vessel arose from a certain act of parliament therein set forth. After verdict and judgment in favor of plaintiff, the case was reviewed by a writ of error. The proposition there raised and decided is shown by the following quotation from the opinion of Tindal, C. J.

"The principal objection in this case was, that the clause recited in the declaration, and which is therein stated to have cast a duty on the company to remove the obstruction caused by the sunken boat, was not obligatory, but was an enabling or permissive clause only. And we are all of that opinion. Neither the clause recited, nor anything in the act of parliament contained, imposes such a duty on the defendants below; and the allegation in the declaration, as to the duty of the company, seems to have been founded on a mistake as to the true meaning and effect of that clause.

"But, admitting this to be so, the question then arises, whether, upon the facts stated in the declaration, another duty of a different kind was not imposed by the common law upon this company; and whether a sufficient breach of that duty is not alleged. It is clear that the statement of the duty in the declaration is an inference of law from the facts, and need not be stated at all, or, if improperly stated, may be altogether rejected. Omitting, therefore, as it appears to us, the improper and unfounded statement of duty in the declaration, the facts stated in the inducement show that the company made the canal for their profit, and opened it to the public upon the payment of tolls to the company; and the common law, in such a case, imposes a duty upon the proprietors, not perhaps to repair

the canal, or absolutely to free it from obstructions, but to take reasonable care, so long as they keep it open for the public use of all who may choose to navigate it, that they may navigate without danger to their lives or property. We concur with the Court of Queen's Bench in thinking that a duty of this nature is imposed upon the company, and that they are responsible for the breach of it upon a similar principle to that which makes a shopkeeper, who invites the public to his shop, liable for neglect on leaving a trap door open without any protection, by which his customers suffer injury," and the judgment was affirmed.

I think it may also be said that the *Parnaby Case* is in harmony with our own decisions. *Smith* v. *Holmes*, 54 Mich. 104. See, also, *Attorney General* v. *Michigan State Bank*, 2 Doug. (Mich.) 359; *Holdridge* v. *Farmers' & Mechanics' Bank*, 16 Mich. 72.

It is said that, considered as a common-law declaration, there was an irregularity in the appointment of a next friend. It is to be observed that defendant as well as plaintiff has treated the mother of plaintiff as her next friend. The objection to the regularity of her appointment is one which cannot now be made. *Sick* v. *Michigan Aid Ass'n*, 49 Mich. 50; *McDonald* v. *Weir*, 76 Mich. 243.

It is said that *Ryan* v. *Fralick*, 50 Mich. 483, is inconsistent with the thought that the reference to the statute may be treated as surplusage. To this I cannot agree. It is true in that case it was held that the declaration was based on the statute, section 10418, and could not be regarded as a common-law declaration. But it could not be said there as here that the declaration on its face showed that the reference to the statute was erroneous. That declaration could not be treated as a common-law declaration, because, unlike the one in this case, it did not contain the essential elements of a common-law declaration.

Holding, as I do, that under defendant's contention the declaration is a common-law declaration, the judgment must be affirmed.

MCALVAY, J., concurred.