HIRDES *v.* OTTAWA CIRCUIT JUDGE.

1. WITNESSES—PRIVILEGE—HUSBAND AND WIFE—ADULTERY.
Where plaintiff claimed that defendant gave the wife of plaintiff intoxicating liquor and made her incapable of resisting, and had sexual relations with her while she was drunk, the wife was not prohibited from giving testimony by 3 Comp. Laws, § 10213 (5 How. Stat. [2d Ed.] § 12857), which makes the testimony of the wife incompetent in an action brought in consequence of adultery; for the wrong charged by plaintiff is not adultery but assault and rape.

2. SAME—PROCESS—RAPE—MANDAMUS—CAPIAS.
And it was not erroneous to deny defendant's motion to quash the writ of *capias ad respondendum* issued by plaintiff, based principally on the affidavit of plaintiff's wife, so that a writ of mandamus will not issue to vacate such order.

Mandamus by Mike Hirdes against Orien S. Cross, circuit judge of Ottawa county, to compel respondent to vacate an order denying relator's motion to dismiss a writ of capias in an action brought against him by Leonard Vis. Submitted March 28, 1914. (Calendar No. 25,913.) Writ denied April 7, 1914.

*Diekema, Kollen & Ten Cate,* for relator.

*Smedley, Linsey & Lillie,* for respondent.

STONE, J. Relator was arrested by the sheriff of Ottawa county on a writ of *capias ad respondendum,* issued out of the circuit court for said county at the suit of Leonard Vis. Relator was held to bail in the sum of $2,000 on an order made by the respondent, which bail relator gave. Attached to the writ were three affidavits; one of Leonard Vis, the plaintiff, one of Maggie Vis, his wife, and one of Harry Vis, his brother.

The relator contends that the action was one of criminal conversation of relator with Maggie Vis, the wife of plaintiff. Counsel for respondent contends that the action was for assault and rape committed upon the wife of Leonard Vis, and the furnishing of her with intoxicating liquors; she being a minor. It is the claim of relator that the affidavits of Leonard Vis, the plaintiff, and of his brother, Harry Vis, show that they were made entirely on information and belief. It can properly be said that the statement of the material facts essential to maintain the writ must be found, if they exist, in the affidavit of the wife. Relator made a motion that the court dismiss the writ of capias, for the reason that the affidavits were not such as could be made the basis of a writ of capias to deprive relator of his liberty for the reasons set forth in the motion, which are substantially as follows:   (1 and 2) That the affidavits of Leonard Vis and Harry Vis show affirmatively that they were not based upon the personal knowledge of affiants, but upon information and belief.   (3) That the affidavit of Maggie Vis, accompanying the other affidavits, and upon which the writ in said cause was issued, was the affidavit of the wife of the plaintiff; that the cause of action set forth in said affidavit of said plaintiff is an action of criminal conversation of the defendant, Mike Hirdes, with the wife of said plaintiff, and that said affiant, Maggie Vis, could not testify to the allegations contained in her said affidavit in the trial of said cause, because of the language of our statute (section 10213, 3 Comp. Laws, 5 How. Stat. [2d Ed.] § 12857), which reads as follows:

"But in any action or proceeding instituted by the husband or wife, in consequence of adultery, the husband and wife shall not be competent to testify."

Respondent denied the motion, and relator prays for mandamus to compel respondent to discharge the writ.

In the affidavit of Leonard Vis, he swears that the said Mike Hirdes, contriving and wrongfully and unjustly intending to injure him and deprive him of the comfort, fellowship, society, aid, and assistance of his said wife, and alienate and destroy her affection for him, on the 20th day of March, 1913, at the city of Zeeland, wrongfully, wickedly, and unjustly debauched and carnally knew deponent's wife, and did then and there have sexual intercourse with her, as deponent is informed and believes. In another part of the affidavit the plaintiff states that the defendant caused the said wife to become intoxicated in order that he might carry out his wicked purpose of seducing her, as he was informed and believed. The affidavit further states that affiant makes the affidavit for the purpose of procuring a writ of. *capias ad respondendum,* and claims that he has a just cause of action against the said Mike Hirdes, and is damaged in the sum of $10,000. The affiant then refers to the accompanying affidavits of his wife and brother.

It is necessary that we should critically examine the affidavit of the wife, Maggie Vis. She therein states that she was 20 years of age, the wife of Leonard Vis, and resided with him in the city of Zeeland; that on the 20th day of March, 1913, in the absence of her husband, Mike Hirdes came to deponent's home and furnished her with a quart of whisky, part of which she drank, and became intoxicated; that the said Hirdes then and there took advantage of deponent's condition, and had sexual intercourse with her; that she did not have will power enough, being in an intoxicated condition, to resist the actions of said Mike Hirdes, which purpose he could not have accomplished had she not been intoxicated. We quote from the affidavit:

"Deponent further says that she gave the said Mike Hirdes no occasion whatever to think or believe that she would be open and subject to his embraces, and

that in order to have sexual intercourse with her he first procured the liquor, gave it to her, and caused her to be intoxicated. * * * Deponent further says that she refused to have sexual intercourse with him, whereupon he procured this liquor, and, while in the state of intoxication, and not being able to resist, he took advantage of her and had sexual intercourse,"

as above stated, and that the facts stated in said affidavit were within her personal knowledge.

The affidavit of Harry Vis states that on the 20th day of March, 1913, the said Mike Hirdes came to the home of his brother, where deponent and Maggie Vis were, and furnished a quart of whisky, and induced deponent and Maggie Vis to drink a part thereof; that soon after deponent left the house, and Mike Hirdes continued to stay there with the said Maggie Vis.

The respondent denied the motion, for the reason that the charge involved was not one of criminal conversation, but one for assault, and assault with rape, and the unlawful furnishing of liquor to a minor. It appears that at the time the motion was argued the plaintiff in the suit had filed his declaration.

It is our opinion that we have no right, in considering the questions involved, to examine the allegations of the declaration, but the matter must be disposed of upon the condition existing at the time of the arrest of the relator, for, if the affidavits were not sufficient to warrant the arrest upon the writ, they cannot be aided by a subsequent pleading of the plaintiff. The important question is whether the affidavit of Maggie Vis contains such a statement of facts as would permit her, as a witness at the trial of the case, to testify that she was assaulted and ravished by said Mike Hirdes.

In the case of *Stoudt* v. *Shepherd*, 73 Mich. 588 (41 N. W. 696), Justice CAMPBELL said that the words "seduction" and "debauch" are, in civil cases, very

generally used as substantially similar terms, and that he did not think it important which word was used in the pleadings.

Upon the trial of the case under a proper declaration, would it be competent for the wife, Maggie Vis, to testify that the said Mike Hirdes furnished her with whisky, and caused her to become so intoxicated that she was not in a condition to resist the action of said Hirdes, and that, while in such condition produced by him, he had sexual intercourse with her, she not being able, by reason of such intoxication, to resist his acts and conduct? We are of opinion that it would be competent for her to so testify, and, should those facts be shown to the satisfaction of a jury, that they would be warranted in finding that the conduct of the said Hirdes, under such circumstances, amounted to rape.

In the case of *People* v. *Croswell,* 13 Mich. 427 (87 Am. Dec. 774), Justice COOLEY, after defining the crime of rape, used the following language:

"In the case of *Regina* v. *Camplin,* 1 Den. C. C. 89; same case 1 C. & K. 746, it appeared that the prisoner gave the woman liquor for the purpose of exciting her, but which had the effect to make her quite drunk; and, while she was in a state of insensibility, he took advantage of it and violated her. The court held the act to be rape. The prosecutrix showed by her words and conduct, up to the latest moment at which she had sense or power to express her will, that it was against her will that intercourse should take place. It was no answer to the charge, therefore, that she had no opposing will at the moment when intercourse actually took place, since the prisoner had actually mastered it by means of the stupefying drug, which was the same, as was well remarked by one of the judges, as if it had been overcome by a blow. * * * If the woman was insensible, some degree of physical force must actually have been employed by the prisoner; and no more resistance is required by the law, in any case, than the condition of the woman will permit her to make. * * * The outrage upon the

woman, and the injury to society, is just as great in these cases as if actual force had been employed; and we have been unable to satisfy ourselves that the act can be said to be any less against the will of the woman when her consent is obtained by fraud than when it is extorted by threats or force."

In 33 Cyc., at pages 1426 and 1427, it is said:

"So, if ability to resist is taken away by administering drugs, even though the woman may be conscious, sexual intercourse with her is rape. * * * And if the woman is intoxicated to the extent of being unable to resist, the act is without her consent and is rape"—citing many cases.

Especially should this be the rule if the state of intoxication is produced by the defendant. To the same effect see *Commonwealth* v. *Burke*, 105 Mass. 376 (7 Am. Rep. 531) ; *State* v. *Atherton*, 50 Iowa, 189 (32 Am. Rep. 134). See note to *State* v. *Warren*, 232 Mo. 185 (134 S. W. 522), reported in Ann. Cas. 1912B, 1043-1049.

In such a case we think that the statute of this State above referred to would not prohibit the wife from testifying, because the charge would not be that of adultery, but of an assault and ravishment. *People* v. *Upton*, 169 Mich. 31 (135 N. W. 108) ; *Totten* v. *Totten*, 172 Mich. 565 (138 N. W. 257).

In the case of *Egbert* v. *Greenwalt;* 44 Mich. 245 (6 N. W. 654, 38 Am. Rep. 260), the cause of action was for the alleged criminal conversation with the plaintiff's wife. The suit was in the common form of an action on the case. The whole testimony to prove the imputed intercourse and establish the cause of action was given by Greenwalt and his wife. The act was represented as one to which she was an involuntary party, and as having been accomplished against her will by actual force and over the stoutest resistance of which she was capable. The record contains a general exception to the court's refusal to con-

sider the evidence sufficient to bar the action. Justice GRAVES said:

"The point of the objection is understood as being that the nature of the action excluded the idea of violence, and contemplated that the wife's participation was voluntary and not forced, and that, as the case made by the evidence negatived her consent and proved that she was debauched by violence, the action failed.

"The position is not tenable. The common law, in giving this remedy, instead of making the husband's right of action depend on his wife's having consented to her defilement, has invariably, whatever the truth might be, decisively assumed that she did not assent, but was overcome by force, and the action has been sustained just the same, whether, as matter of fact, her will concurred, or she was outraged by actual violence [citing cases]. And there seems to be no basis in justice or policy for the position that if the personal wrong is accompanied by circumstances of such atrocity as to elevate it to the public offense of rape the private remedy is thereby either taken away or suspended. Cooley on Torts, 86 to 90. It is not reasonable to convert the wife's innocence into a shield to save her assailant from prosecution for his private wrong to her husband."

In *Johnston* v. *Disbrow,* 47 Mich. 59 (10 N. W. 79), Disbrow charged the defendant below, Johnston, with having, at a certain time and place named, unlawfully, forcibly, and violently assaulted the wife of said plaintiff, compelling her by force to have unlawful sexual carnal intercourse with him (the defendant) to the injury, etc., whereby plaintiff was damaged in his reputation, and suffered in injured feelings and of being deprived of the society and assistance of his said wife, to his damage. We refer to this case because it is the claim of relator's counsel that, if force was used by Hirdes, and he was guilty of rape, the wife should have brought the action, and not the husband. In the last-cited case, Chief Justice MARSTON, in speaking for the court, said:

"While it may be true as argued that the reputation of the plaintiff should not suffer because of such a wrong committed by force and against the will of his wife, yet that the matter would become a subject of unpleasant comment and injure his feelings cannot well be questioned, and the right to recover damages therefor is well settled in this State (*Scripps* v. *Reilly,* 38 Mich. 23), and no evidence as to the amount thereof in dollars and cents need be proven on the trial. The jury, in view of all the facts, are qualified to fix the amount thereof. The fact that the wife of the plaintiff also has a cause of action for the same injury and would be entitled to recover damages on account of injured feelings, is no answer to the right of this plaintiff to recover. His right to maintain the action grows out of his marital relations with the person upon whom the wrong was committed. And this right is not possessed by others, so that the fears expressed that all the relatives and neighbors of Mrs. Disbrow might maintain separate actions and recover damages on account of injured feelings is not to be seriously feared."

See Cooley on Torts, p. 226; *Berger* v. *Jacobs,* 21 Mich. 215-220. At the last-named page this court said:

"But, on the other hand, for any damages accruing to the husband from the assault and battery upon the wife, as for loss of her assistance and society, * * * he alone could sue."

See *Velthouse* v. *Alderink,* 153 Mich. 217 (117 N. W. 76, 18 L. R. A. [N. S.] 587, 15 Am. & Eng. Ann. Cas. 1111).

The provision (section 10213, 3 Comp. Laws, 5 How. Stat. [2d Ed.] § 12857), above referred to has been in our statute at least since 1861, and existed at the time the above decisions were rendered.

We think that, in support of the state of facts set forth in the affidavit of Mrs. Vis, she would be a competent witness upon the trial of the case, and that it cannot be said that the affidavits for the writ of capias were defective or insufficient.

In our opinion, the circuit judge did not err in so holding, and the writ of mandamus must therefore be denied, with costs against relator.

MCALVAY, C. J., and BROOKE, KUHN, OSTRANDER, BIRD, MOORE, and STEERE, JJ., concurred.