JESSE SILVA *vs.* GEORGE MILLS.

JANUARY 27, 1926.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

*(1)  Seduction.  Variance.*

In an action by a parent to recover damages for seduction of minor daughter, as the gist of the action is the debauching of the daughter it would be no defence that the crime was rape and not seduction and if the proof showed rape, the action would not fail on account of variance.

*(2)  Seduction.  Reputation for Chastity.*

In an action by a parent for seduction of minor daughter, the daughter was properly permitted to testify in direct examination that she never had had sexual intercourse with anyone prior to the time of the assault by defendant; the answer being relevant as bearing upon the question of the paternity of the child.

*(3)  Seduction.  Damages.*

In an action by a parent for seduction of minor daughter, evidence as to expenses paid to a hospital for contagious diseases, to which the daughter was removed after having contracted the disease in a maternity hospital, was admissible where it appeared that such removal was necessary.

*(4)  Exceptions.*

Where no exceptions were taken to remarks and rulings of the court, such grounds cannot be considered, on hearing on bill of exceptions.

TRESPASS ON THE CASE for seduction.  Heard on exceptions of defendant and overruled.

SWEENEY, J.  This action of trespass on the case is brought by a father to recover damages for the seduction of his minor daughter.  After trial in the Superior Court the jury returned a verdict for the plaintiff.  Defendant then

filed a motion for a new trial alleging the usual grounds. The trial justice denied this motion and the defendant has brought the case to this court by his bill of exceptions.

Defendant claims an exception to the denial of his motion for a new trial and contends that the verdict was against the weight of evidence, and the law.

During the summer and autumn of 1923, the plaintiff, with his wife and children, occupied half of a house in Canonchet, R. I. The other half of the house was unoccupied, excepting that the defendant slept in a room on the second floor. During this period the defendant took his meals with the plaintiff's family. Both men were employed as teamers by a highway contractor. Plaintiff's oldest child was an unmarried daughter. She was seventeen years old; lived with her parents and assisted in the housework. She testified that October 15, 1923, about 11 o'clock p. m., when she was in the hall on the second floor of her house, the defendant assaulted and debauched her. July 23, 1924, she gave birth to a child at a hospital. Defendant denied that he assaulted the plaintiff's daughter as testified to by her. It is unnecessary to set forth in detail the other facts and circumstances in evidence tending to sustain the contentions of the parties. The conflicting testimony required the submission of the disputed issues of fact to the jury. The question of the credibility of the witnesses was for the jury. The jury had the witnesses before them and there may have been that in the conduct or appearance of the plaintiff's daughter, or of the defendant, which in their judgment entitled her to belief rather than him. *Kelley* v. *Brennan*, 18 R. I. 41. The verdict has been approved by the trial justice. After a careful consideration of the evidence we can not say that his decision approving the verdict is clearly erroneous, and the exception thereto is not sustained.

Defendant also contends that plaintiff's action fails on account of variance between the proof and declaration inasmuch as the testimony of plaintiff's daughter proves

that the defendant committed rape instead of seduction. This contention is well answered by the case *Kennedy* v. *Shea,* 110 Mass. 147, in which the court said: "As the gist of the action is the debauching of the daughter, and the consequent supposed or actual loss of her services, it is immaterial to the plaintiff's claim under what special circumstances the injury was wrought, or whether it was accompanied with force and violence or not. . . . It would be no defence that the crime was rape, and not seduction." See also *Milliken* v. *Long,* 188 Pa. St. 411; *Furman* v. *Applegate,* 3 Zab. (N. J.) 28; 35 Cyc. 1296.

Defendant claims an exception to a ruling permitting plaintiff's daughter to testify on direct examination that she never had sexual intercourse with any one prior to the night of the assault upon her by the defendant. He contends that the general character of the witness was not put in issue by him and that the answer was inadmissible. The general rule is that the reputation for chastity of the seduced is presumed to be good. There is much difference of opinion whether she may go into the question of her reputation until it has been attacked. 1 Wig. Ev. § 76. There is a distinction between actual personal virtue and general reputation for chastity. The plaintiff did not go into the question of the general reputation for chastity of the witness. The answer was relevant as bearing upon the question of the paternity of her child. The exception is overruled.

The defendant excepted to the introduction of a bill from the Providence City Hospital amounting to $96.50 for services and expenses in treating plaintiff's daughter for scarlet fever. This evidence was admissible as it appeared that the daughter contracted the fever while she was an inmate of a maternity hospital and that it was necessary to remove her to the City Hospital. The bill from the maternity hospital amounted to $122. As the amount of these bills was less than the amount claimed in the bill of particulars for hospital and other medical expenses, the exception is overruled.

Several other exceptions relating to the admission of testimony and refusal to charge as requested have been considered and found to be without merit and are overruled.

The defendant claims that he did not receive a fair and impartial trial on account of certain rulings or remarks made by the trial justice during the reception of the testimony. In his brief he refers to them as they appear in the transcript. No exception was taken to any of the rulings or remarks now complained of, nor stated in the bill of exceptions allowed by the trial justice. Under such circumstances this ground can not be considered. *Enos* v. *R. I. S. Railway Co.*, 29 R. I. 297.

All of the defendant's exceptions are overruled and the case is remitted to the Superior Court in the county of Washington, with instructions to enter judgment for the plaintiff upon the verdict.

*James O. Watts*, for plaintiff.
*Benjamin W. Grim*, for defendant.